UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 15)**

**I.    Introduction**

On February 14, 2019, Jeree Gant ("Plaintiff" or "Gant") filed this putative class action in the Los Angeles Superior Court against ALDI, Inc. ("ALDI"), AI California LLC ("AI") and Does 1-10 (collectively, "Defendants"). Dkt. 1-1 at 2-35. The Complaint advanced several wage-and-hour claims. *Id.* at 18-35.

On April 22, 2019, Defendants removed the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The removal was supported by a brief (Dkt. 1) and a declaration by Paul Piorkowski ("Piorkowski Declaration" (Dkt. 3)), who is the Regional Vice President for ALDI.

On June 13, 2019, Plaintiffs filed a First Amended Complaint ("FAC"), which remains the operative one. Dkt. 22. The FAC advances the following wage-and-hour causes of action:

  i.   Failure to pay overtime, in violation of Cal. Lab. Code §§ 510, 1198, and the corresponding Industrial Welfare Commission ("IWC") Wage Order;
 ii.   Failure to pay meal period premiums, in violation of Cal. Lab. Code §§ 226.7, 512, and the corresponding IWC Wage Order;
iii.   Failure to pay rest period premiums, in violation of Cal. Lab. Code § 226.7, and the corresponding IWC Wage Order;
 iv.   Failure to pay minimum wages for all hours worked, in violation of Cal. Lab. Code §§ 1194, 1197, 1197.1;
  v.   Failure to pay final wages upon separation (*i.e.*, waiting time penalties), in violation of Cal. Lab. Code §§ 201, 202;
 vi.   Failure to provide compliant wage statements, in violation of Cal. Lab. Code § 226(a);
vii.   Failure to indemnify employees for necessary expenditures, in violation of Cal. Lab. Code §§ 2800, 2802; and
viii.  Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*

On May 22, 2019, Plaintiff filed a motion to remand this action to the Superior Court ("Motion"). Dkt. 15. In support of the Motion, Plaintiff argues that Defendants have not met their burden to show that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

amount in controversy exceeds $5 million, as required by CAFA. Defendants opposed the Motion (Dkt. 21), and Plaintiff filed a reply in support of the Motion (Dkt. 25). Pursuant to L.R. 7.15, the matters raised in the Motion were deemed ones that could be decided without a hearing, and the Motion was taken under submission. Dkt. 44.

For the reasons stated in this Order, the Motion is **DENIED.**

## II. Factual Background

It is alleged that Jeree Gant ("Plaintiff," or "Gant") is a resident of Los Angeles County. FAC ¶ 5. ALDI is an Illinois corporation whose headquarters are in Illinois. Piorkowski Declaration ¶¶ 5-6. AI is a Delaware corporation whose headquarters are in Illinois. *Id.* ¶¶ 7-9.

The Complaint alleges a wide range of wage-and-hour claims and alternative theories for relief. The relevant portions of them are described below in connection with the analysis of the issues presented by the Motion.

## III. Analysis

### A. Legal Standards

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

The standards for removal pursuant to CAFA have evolved in decisions issued over the last several years that reflect instructions by "Congress and the Supreme Court . . . to interpret CAFA's provisions . . . broadly in favor of removal." *Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)); *see Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238-39 (9th Cir. 2014) (describing a key change in Ninth Circuit caselaw). However, "some remnants of [the Ninth Circuit's] former antiremoval presumption seem to persist." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223 (9th Cir. 2019)).

"[A] removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id.* (quoting *Ibarra*, 775 F.3d at 1197). The removing defendant does not have any burden of proof until a plaintiff challenges the amount-in-controversy allegations. To raise such a challenge, a plaintiff is not required to provide separate evidence. Instead, plaintiffs can either "contend that they are putting an amount lower than $5 million at issue" or "offer . . . conflicting evidence that calls Defendant's estimates into question." *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1031 (C.D. Cal. 2017); *see Dart Cherokee Basin Operating Co.*, 574 U.S. at 89 (requiring the plaintiff to "contest" the defendant's allegation that the amount-in-controversy requirement was met); *Townsend v. Brinderson Corp.*, No. 2:14-CV-05320-FMO-RZx, 2015 WL 3970172, at *3 (C.D. Cal. June 20, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

If a plaintiff challenges the removing defendant's allegations as to the amount-in-controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. The evidence may "include[e] affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Because this issue is addressed at an early stage of litigation, a defendant's opposition to a motion to remand need not present extensive or precise evidence. Rather, a defendant may continue to rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement. *Arias*, 936 F.3d at 922 (citing *Ibarra*, 775 F.3d at 1197-99). As the Ninth Circuit has explained:

> [I]n assessing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." Such "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." An assumption may be reasonable if it is founded on the allegations of the complaint.

*Arias*, 775 F.3d at 925 (quoting *Ibarra*, 775 F.3d at 1198-99). For example, a defendant may proffer evidence that establishes the number of employees who meet the class description, their average rate of pay, and the number of qualifying workweeks. The defendant may then estimate the amount in controversy by making reasonable assumptions about potential violation rates based on the allegations in the complaint. *Id.* at 925-27 (citing *Lacross v. Knight Transp., Inc.*, 775 F.3d 1200 (9th Cir. 2015)).

This approach is consistent with the one taken by this Court in *Silva v. AvalonBay Cmtys., Inc.*, No. 2:15-CV-04157-JAK-PLAx, 2015 WL 11422302 (C.D. Cal. Oct. 8, 2015). It reflects the principle that the amount in controversy is an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.* 627 F.3d 395, 400 (9th Cir. 2010). This protects a defendant from the need to "concede liability" to argue successfully for jurisdiction under CAFA. *Id.*; *accord Herrera v. Carmax Auto Superstores Cal., LLC*, No. 5:14-CV-00776-MWF-VBKx, 2014 WL 12586254, at *2 (C.D. Cal. June 12, 2014) ("But when a complaint vaguely alleges 'consistent' violations based on the defendant's 'uniform policies,' the removing defendant is often incapable of producing any evidence going directly to the frequency of the violations, especially given that the defendant likely disagrees that any violation occurred at all.").

A claim for an award of attorney's fees may also be included in calculating the amount in controversy. "[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (internal quotation marks, citation and brackets omitted) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). But, "a court's calculation of future attorneys' fees is limited by the applicable contractual or statutory requirements that allow fee-shifting in the first place." *Id.* at 796 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009).

    B.    Application

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

1.  Whether Plaintiff Properly Challenges the Defendants' Amount-in-Controversy Allegation

The Motion has a fundamental defect. Plaintiff did not challenge the Defendants' amount-in-controversy allegation made in connection with the Notice of Removal. A close examination of the Complaint (Dkt. 1-1), FAC (Dkt. 22), Motion (Dkt. 15), and reply in support of the Motion (Dkt. 21) shows that Plaintiff has neither "contend[ed] that they are putting an amount lower than $5 million at issue" or "offer[ed] conflicting evidence that calls Defendant's estimates into question." *Ritenour*, 228 F. Supp. 3d at 1031.

Instead, Plaintiff contests the calculations in Defendant's brief accompanying the notice of removal (Dkt. 1) and the Piorkowski Declaration (Dkt. 3). However, challenging the Defendants' evidence proffered in support of removal jurisdiction, without conceding that the Complaint places less than $5 million at issue or providing competing evidence on the amount in controversy, is insufficient under *Dart Cherokee Basin Operating Co.* to "contest" the jurisdictional allegation made here by the Defendants. 574 U.S. at 90.

On this basis alone, the Motion is **DENIED.** However, the other issues presented by the Motion are next addressed.

2.  Whether, Assuming that the Motion Properly Challenges the Defendant's Amount-in-Controversy Allegations, Defendant Shows by a Preponderance that the Amount in Controversy Is Greater than $5 Million

    a)  Whether the Piorkowski Declaration Lacks Foundation

Plaintiff argues that the Piorkowski Declaration (Dkt. 3) lacks sufficient foundation and requires further corroboration. Piorkowski declares in part:

> 1. I have personal knowledge of the facts contained in this declaration, and if called as a witness, could and would testify as to their accuracy.
>
> 2. I am the Regional Vice President for ALDI Inc. ("ALDI") and have been in this position since June 1, 2013. In this capacity, I am familiar with the corporate and organizational structure of ALDI and its subsidiary, AI California LLC ("AI").
>
> 3. Due to the nature of my role, I also have access to employment records and personnel-related information for Plaintiff Jeree Gant ("Plaintiff") and the other current and former non-exempt employees of ALDI who worked in the State of California during the proposed class period between February 14, 2015 and the present (the "Putative Class Members"). These records are kept and maintained by ALDI in ordinary course of business. In preparation for this declaration, I have reviewed the employment records and any other relevant personnel-related information.
> . . . [paragraphs omitted]
>
> 10. ALDI did not have any non-exempt store employees in California prior to August 7,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

2015.

11. There are at least 1,723 Putative Class Members between August 7, 2015 and April 1, 2019.

12. The average hourly rate of the Putative Class Members is $15.48 and the Putative Class Members are paid on a bi-weekly basis.

13. From August 7, 2015, to April 1, 2019, the Putative Class Members worked approximately 125,478 weeks.

14. From February 14, 2018, to April 1, 2019, there are at least 1,146 Putative Class Members. During this same time period, the Putative Class Members worked approximately 46,659 weeks. After excluding those pay periods that would not be entitled to a penalty because the statutory $4,000 maximum has been reached, the 1,146 putative class members worked at least 23,752 pay periods that could qualify for a wage statement penalty. When including a $50 penalty for the initial wage statement and $100 for each subsequent wage statement (up to a maximum of $4,000 for each employee), the amount in controversy on this claim would equal no less than $2,317,950.00.

15. From February 14, 2016 to April 1, 2019, there are at least 872 Putative Class Members who are former non-exempt employees of ALDI.

Dkt. 3 ¶¶ 1-3, 10-15.

Piorkowski's declaration is sufficient to show that he has an adequate foundation for his statements as to the number of employees and the potential range of the claims that are at issue. Piorkowski states that he is an ALDI executive who has access to employment and personnel records for non-exempt ALDI employees that are kept during the ordinary course of business. *Id.* ¶¶ 2-3. He then states that his declaration is based on a review of these records. *Id.* ¶ 3. Based on this review, Piorkowski declares about the number of people in the putative class, their average hourly pay, their frequency of pay, and the number of relevant workweeks that they worked. *Id.* ¶¶ 10-15. For these reasons, the Piorkowski Declaration has an adequate foundational basis for its calculations of the amounts at issue.

>  b)   Whether the Piorkowski Declaration Is *Per Se* Insufficient to Support Defendants' Opposition to Remand

Plaintiff argues that because the Piorkowski Declaration does not present evidence about violation rates, viewed in isolation it is *per se* insufficient to meet Defendants' evidentiary burden. As noted, the Ninth Circuit has determined that a defendant need only provide "reasonable assumptions" about violation rates in presenting evidence in response to a motion to remand, and that such assumptions may be based on the allegations in the operative complaint. *Arias* held that, to meet the evidentiary burden as to the amount in controversy once a plaintiff contests a removing defendant's jurisdictional allegations, a defendant may rely solely on testimony establishing the number of employees who fit within the class description, their average rate of pay, and the number of qualifying workweeks. This is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

the very information presented in the Piorkowski Declaration. *Arias*, 775 F.3d at 926-27 (citing *Lacross v. Knight Transp., Inc.*, 775 F.3d 1200 (9th Cir. 2015)).

For these reasons, Plaintiff's argument as to the sufficiency of the evidence is unpersuasive.

c) Whether the Violation Rates Assumed by Defendants Are Reasonable

Plaintiff's final argument is that Defendants' estimates of the amount in controversy are based on faulty assumptions about violation rates. This argument is not convincing.

The Ninth Circuit has held that a "reasonable assumption" for a violation rate may be drawn from the complaint that was operative at the time of the removal.[1] The Complaint filed in this action lacks specificity, and includes boilerplate contentions. Therefore, its terms are susceptible to a substantial range of reasonable assumptions about possible violation rates.

The allegations in the Complaint as to meal and rest period claims are threadbare:

> 20. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks. . . .
>
> 26. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay then for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law. . . .
>
> 39. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

Complaint ¶¶ 20, 26, 39; *see id.* ¶¶ 28-30, 57-76 (similar allegations about meal and rest break violations).

In light of these statements, Defendants' assumptions about violation rates are reasonable. Because the Complaint alleges that Defendants engaged in a "pattern and practice" of meal and rest break violations, it is reasonable for Defendants to assume that one meal break violation and one rest break violation occurred per employee, per week. Because it is reasonable to assume that such an employee worked on a standard five-day, eight-hour-per day basis, the employee would be entitled to one meal period and two rest periods each day. A reasonable assessment of the allegations in the Complaint is that there is a claim of a 20% violation rate for meal periods, and a 10% violation rate for rest periods. Therefore, Defendants' calculation, which multiplied the average hourly rate ($15.48/hour), the number of workweeks within the limitations period (125,478 weeks), the amount of the meal and rest break premium owed (1 hour owed per missed meal or rest break), and a violation rate (2 missed

---

[1] This action was removed following the filing of the original Complaint, which is addressed in the Motion and is relevant to the present analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

meal or rest breaks per week), is reasonable. Consequently, Defendants' estimated amount in controversy as to the meal and rest break claims -- which is approximately $3.88 million -- is reasonable.

For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week. This assumption is reasonable in light of the Complaint, whose allegations lack specificity:

> 25. Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.
>
> 26. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay then for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.
>
> 27. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked. . . .
>
> 53. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.
>
> 54. During the relevant time period, Defendants intentionally and willfully foiled to pay overtime wages owed to Plaintiff and the other class members.

*Id.* ¶¶ 25-27, 53-54; *see id.* ¶¶ 31, 48-56 (similar allegations about overtime violations).

Because the Complaint alleges that Defendants engaged in a pattern and practice of overtime violations, it is reasonable for Defendants to assume that each employee in the putative class worked one hour of uncompensated overtime each week. Defendants' method of multiplying the average hourly overtime rate ($23.22/hour), the number of workweeks during the limitations period (125,478 weeks), and the violation rate (1 hour/week), is reasonable. Therefore, Defendants' estimated amount in controversy for the overtime claim -- which is approximately $2.99 million -- is reasonable.

Together, these two estimates total $6.87 million ($3.88 million + $2.99 million = $6.87 million). Therefore, it is unnecessary to consider the value of the other claims, because the $5 million jurisdictional amount has been established. However, that those other claims have value for purposes of determining whether the jurisdictional amount is satisfied, confirms that it is.

For these reasons, and given the absence of competing evidence, Defendants have shown by a preponderance that the $5 million amount-in-controversy requirement is met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | March 20, 2020 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc., et al. | | |

## IV. Conclusion

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                        :

Initials of Preparer    cw