1   Edwin Aiwazian (Cal. State Bar No. 232943)
      *edwin@calljustice.com*
2   Arby Aiwazian (Cal. State Bar No. 269827)
      *arby@calljustice.com*
3   Joanna Ghosh (Cal. State Bar No. 272479)
      *joanna@calljustice.com*
4   Stephanie S. Ponek (Cal. State Bar No. 306205)
      *stephanie@calljustice.com*
5   Melissa A. Huether (Cal. State Bar No. 316604)
      *melissa@calljustice.com*
6   **LAWYERS *for* JUSTICE, PC**
7   410 West Arden Avenue, Suite 203
    Glendale, California 91203
8   Tel: (818) 265-1020 / Fax: (818) 265-1021

9   *Attorneys for* Plaintiff Jeree Gant

10  *[Additional Plaintiffs' Counsel Listed on Next Page]*

11              **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

| | |
|---|---|
| 13 JEREE GANT, individually, and on behalf of other members of the general public similarly situated, | Lead Case No.: 2:19-cv-03109-JAK-PLA *Consolidated Case No.*: 2:19-cv-06741-JAK-PLA |
| 15    Plaintiff, | Honorable John A. Kronstadt Courtroom 10B |
| 16 vs. | **CLASS ACTION** |
| 17 | |
| 18 ALDI, INC., a California corporation; AI CALIFORNIA LLC, an unknown business entity; and DOES 1 through 100, inclusive, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 21    Defendants. | |
| 22 JENNIFER LACEY-SALAS, an individual, on behalf of herself and on behalf of all persons similarly situated, | Date:        June 29, 2020 Time:        8:30 a.m. Courtroom:  10B |
| 25    Plaintiff, | |
| 26 vs. | |
| 27 ALDI, INC., a California corporation; AI CALIFORNIA LLC, a Limited Liability Company; and DOES 1 through 50, Inclusive, | |
| 28    Defendants. | |

Norman B. Blumenthal (Cal. State Bar No. 068687)
Kyle R. Nordrehaug (Cal. State Bar No. 205975)
Aparajit Bhowmik (Cal. State Bar No. 248066)
BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223 / Fax: (858) 551-1232

*Attorneys for* Plaintiff Jennifer Lacey-Salas

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

ii

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on June 29, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable John A. Kronstadt in Courtroom 10B of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 W. First Street, Los Angeles, California 90012, Plaintiffs Jeree Gant and Jennifer Lacey-Salas ("Plaintiffs") will and hereby do move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Class and Collective Action Settlement Agreement and Release ("Settlement," "Agreement," or "Settlement Agreement"), attached as **"EXHIBIT 1"** to the Declaration of Edwin Aiwazian, including the means of allocation and distribution of the Class/Collective Settlement Amount and the Net Settlement Amount, and the allocations for an award of Class Counsel Fees and Costs, Enhancement Awards, and Settlement Administration Cost;

- Conditionally certifying the proposed Class and approving the proposed FLSA Collective for settlement purposes only;

- Appointing Plaintiffs Jeree Gant and Jennifer Lacey-Salas as representatives of the Class and FLSA Members;

- Appointing Edwin Aiwazian, Esq., Arby Aiwazian, Esq., and Joanna Ghosh, Esq. of Lawyers *for* Justice, PC and Norman Blumenthal, Esq., Kyle Nordrehaug, Esq., and Aparajit Bhowmik, Esq. of Blumenthal Nordrehaug Bhowmik De Blouw LLP as counsel for the Class Members and FLSA Members ("Class Counsel");

- Approving the proposed Notice of Class Action Settlement ("Notice"), attached as "Exhibit A," to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement ("Proposed Order");

///

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

- Appointing Simpluris, Inc. ("Simpluris") as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily approving Settlement Administration Cost, which are currently estimated not to exceed $25,000;

- Directing Simpluris to mail the Notice to the proposed Class Members and FLSA Members;

- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and

- Scheduling a hearing to consider final approval of the proposed Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of Class Counsel Fees and Costs, Enhancement Awards, and Settlement Administration Cost.

This motion is based upon the following memorandum of points and authorities; the Settlement Agreement; the Declarations of Proposed Class Counsel (Edwin Aiwazian and Kyle Nordrehaug), the Declarations of Proposed Class and FLSA Representatives (Jeree Gant and Jennifer Lacey-Salas) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated: June 22, 2020                    **LAWYERS *for* JUSTICE, PC**


By:   /s/ Edwin Aiwazian
      Edwin Aiwazian
      *Attorneys for* Plaintiff Jeree Gant

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1

# **TABLE OF CONTENTS**

2  I.     SUMMARY OF MOTION ..................................................................... 1

3  II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................ 2

4  III.   SUMMARY OF THE SETTLEMENT TERMS ........................................ 4

5          A.    The Class for Settlement Purposes ..................................... 4

6          B.    The FLSA Collective for Settlement Purposes .................... 4

7          C.    Essential Terms of the Settlement ...................................... 5

8          D.    Calculation and Range of Class Payments for Class Members .......... 6

9          E.    Calculation and Range of FLSA Payments for FLSA Members ........ 6

10         F.    Settlement Opt-Out and Objection Procedures ................... 7

11         G.    Scope of the Class Release ................................................ 8

12         H.    Scope of the FLSA Release ............................................... 8

13  IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE

14        CLASS ACTION SETTLEMENT AND COLLECTIVE ACTION ............. 9

15  V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED ...... 10

16         A.    The Settlement Resulted from Arm's Length Negotiations and

17              Extensive Investigation and Discovery .............................. 11

18         B.    The Settlement Is Fair, Reasonable, and Adequate ........... 12

19         C.    The Settlement Is Within the Range of Possible Approval ......... 14

20              1.    The Requested Enhancement Awards Are Reasonable ......... 14

21              2.    The Allocations for Attorneys' Fees and Costs Is Reasonable.15

22  VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE

23        UNDER RULE 23 ............................................................................ 18

24         A.    Numerosity ...................................................................... 18

25         B.    Commonality .................................................................... 19

26         C.    Typicality ......................................................................... 19

27         D.    Adequacy of Representation .............................................. 20

28         E.    Predominance and Superiority ........................................... 20

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

VII.   CERTIFICATION OF THE FLSA COLLECTIVE IS APPROPRIATE .... 21

VIII.  ADEQUACY OF THE METHOD OF NOTICE ......................................... 22

IX.    APPOINTMENT OF SIMPLURIS, INC. AS THE ADMINISTRATOR ... 24

X.     DEADLINES FOR NOTICE AND ADMINISTRATION .......................... 24

XI.    CONCLUSION ........................................................................................ 25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ........................................................ 16

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) ..................................... 19

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974)................................... 23

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)......................................................... 17

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ................................ 23

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).......................... 20, 21

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ............................................ 19

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) .............................................. 19

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) ...................... 22

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008)...... 17

*Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) ...................................................................................................... 11

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) .................................................................................................................................... 18

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) ................. 15, 20

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013)................. 17

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014)...... 15

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)...... 17

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002).......................... 17

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008) .................. 19

*Mendoza v. United States*, 623 F.2d 1338, 1352 (9th Cir. 1980)............................. 22

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)17

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) .................................................................................................................................... 22

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010)..17

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) .................................................................................................................................... 16

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003)..................................... 15, 16

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

vii

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010)......... 17

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ................................. 16, 17

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) ..................................... 20

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ...................... 16

**Regulations**

*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001) .......................... 16

**Rules**

Federal Rule of Civil Procedure  23(a) ............................................................. 18, 19

Federal Rule of Civil Procedure  23(a)(1) ............................................................ 18

Federal Rule of Civil Procedure  23(a)(4) ............................................................ 20

Federal Rule of Civil Procedure  23(b) ................................................................ 18

Federal Rule of Civil Procedure  23(c)(2) ............................................................ 23

Federal Rule of Civil Procedure 23(b)(3) ............................................................ 20

Federal Rule of Civil Procedure 23(c)(2)(B) .................................................... 22, 23

Federal Rule of Civil Procedure 23(e) ................................................................ 10

Federal Rule of Civil Procedure 23(h) ................................................................ 16

**Other**

*Manual for Complex Litig., Fourth* § 21.132 ...................................................... 20

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF MOTION

Plaintiffs Jeree Gant and Jennifer Lacey-Salas ("Plaintiffs") respectfully request that this Court grant preliminary approval of the Class and Collective Action Settlement Agreement and Release ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs, individually and on behalf of the proposed Class and FLSA Members, and Defendants ALDI INC. and AI California, LLC ("Defendants") (collectively, the "Parties"). Subject to approval by the Court, the Parties have agreed to settle the consolidated action that includes the actions entitled *Jeree Gant v. Aldi, Inc., et al.*, Central District of California Case No. 2:19-cv-03109-JAK-PLA ("*Gant* Class Action") and *Jennifer Lacey-Salas v. Aldi Inc., et al.*, Central District of California Case No. 2:19-cv-06741-JAK-PLA ("*Lacey-Salas* Action") for a Class/Collective Settlement Amount of $2,000,000.[1]

The parties reached the Settlement after engaging in significant discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation with a well-respected mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under California and federal law. Additionally, the proposed Notice provides the best notice practicable under the circumstances and will allow each Class Member and FLSA Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiffs move the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Fees and Costs, Enhancement Awards, and Settlement Administration Cost; approve the FLSA Settlement and certify the proposed Class for settlement purposes.

///

///

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Edwin Aiwazian ("Aiwazian Decl.").

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II.   <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Defendants are a chain of discount supermarkets with approximately seventy (70) store locations in California. Plaintiff Jeree Gant was employed by Defendants as an hourly-paid, non-exempt employee from approximately October 2017 to May 2018. Declaration of Jeree Gant ("Gant Decl.") ¶ 2. Plaintiff Jennifer Lacey-Salas was employed by Defendants as an hourly-paid, non-exempt employee from approximately August 2017 to January 2019. Declaration of Jennifer Lacey-Salas ("Lacey-Salas Decl.") ¶ 2.

On February 14, 2019, Plaintiff Gant filed a Class Action Complaint for Damages against Defendants in Los Angeles County Superior Court, on behalf of herself and all current and former non-exempt, hourly-paid individuals employed by Defendants in California since February 14, 2015, thereby commencing the *Gant* Class Action. Aiwazian Decl., ¶ 10.[2] On April 19, 2019, Defendants filed their Answer to Plaintiff Gant's Complaint.

On April 22, 2019, Defendants removed the *Gant* Class Action to the United States District Court for the Central District of California.

On May 10, 2019, Plaintiff Gant filed a Motion to Strike and on May 23, 2019, Plaintiff Gant withdrew the Motion to Strike. On May 22, 2019, Plaintiff Gant filed a Motion to Remand. On June 12, 2019, Defendants filed their opposition to Plaintiff Gant's Motion to Remand. On March 23, 2020, Plaintiff Gant's Motion to Remand was denied.

On June 7, 2019, Plaintiff Jennifer Lacey-Salas filed her Class Action Complaint against Defendants in San Diego County Superior Court, thereby commencing the *Lacey-Salas* Action.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[2] On April 10, 2019, Plaintiff Gant also filed an action pursuant to the Private Attorneys General Act, California Labor Code § 2698, *et seq.* ("PAGA") against Defendants in Los Angeles Superior Court. The case is entitled *Gant v. ALDI, Inc.*, et al., Case No. 19STCV12320 (i.e., the "PAGA Action") and seeks to recover civil penalties under PAGA.

On June 13, 2019, pursuant to stipulation of the parties in the *Gant* Class Action and an order by the Court permitting leave thereon, Plaintiff Gant filed a First Amended Class Action Complaint for Damages ("First Amended Complaint").

On July 10, 2019, Defendants removed the *Lacey-Salas* Action to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. On July 17, 2019, Defendants' filed a Motion to Change Venue in the *Lacey-Salas* Action. On August 2, 2019, the Southern District of California granted Defendants' Motion to Change Venue and transferred the *Lacey-Salas* Action to the Central District of California.

On August 27, 2019, Plaintiff Lacey-Salas filed a Motion to Remand, but later withdrew the motion. Also on August 27, 2019, the Court entered an Order pursuant to stipulation of the parties to stay discovery and continue all hearings and deadlines in the *Lacey-Salas* Action pending mediation.

On January 29, 2020, Defendants filed a Motion to Consolidate the *Gant* Class Action and the *Lacey-Salas* Action. On February 7, 2020, Plaintiff Gant filed a Partial Opposition to Defendants Motion to Consolidate. On March 20, 2020, the Court entered an order consolidating the *Lacey-Salas* Action with the *Gant* Class Action ("Consolidated Class/Collective Action" or "Action"), with the *Gant* Class Action being the lead action.

Plaintiffs' core allegations are that Defendants have violated the California Labor Code by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premium payments, failing to timely pay wages upon termination, failing to provide compliant wage statements, and failing to reimburse business-related expenses, and thereby engaged in unfair business practices under the California Business and Professions Code §§ 17200, *et seq*. and violated the Fair Labor Standards Act ("FLSA").

Defendants deny any liability of any kind associated with the claims and allegations, and further deny that Plaintiffs, Class Members, and/or FLSA Members

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  are entitled to any relief. Defendants also deny that the Action is appropriate for class

2  and/or collective treatment for any purpose other than the Settlement. Defendants

3  maintain, among other things, that they have complied with the law in all respects.

4       The Parties participated in a private mediation on December 12, 2019 before

5  David Rotman, Esq., a well-respected mediator experienced in handling complex

6  wage-and-hour matters. Aiwazian Decl., ¶ 11. After extensive formal and informal

7  discovery and investigation into the facts of the case, and with the aid of the

8  mediator's evaluations and proposal, the parties reached a global settlement to

9  resolve the Gant Action, the Lacey-Salas Action, and the PAGA Action. *Id*.

10  ## III.   SUMMARY OF THE SETTLEMENT TERMS

11  ### A.   The Class for Settlement Purposes

12       For settlement purposes only, the Parties agree to class action certification of

13  the following Class consisting of approximately two thousand fifty-three (2,053)

14  individuals ("Class Members") as of approximately September 2019:

15         all current and former hourly-paid or non-exempt employees who worked
       for any of the Defendants within the State of California at any time during

16         the period from February 14, 2015 through June 29, 2020 ("Class
       Period"). Agreement, §§ 1.7 & 1.9.

17       As discussed in VI, *infra*, class certification is appropriate with respect to the

18  settlement and resolution of the Released Class Claims[3] ("Class Settlement").

19  ### B.   The FLSA Collective for Settlement Purposes

20       For settlement purposes only, the Parties agree to approval of the FLSA

21  Settlement. The FLSA Collective will consist of all FLSA Members who endorse and

22  negotiate their FLSA Payment (as defined below) and who will be bound by the

23  settlement and resolution of the Released FLSA Claims[4] ("FLSA Settlement").

24  Agreement, §§ 1.21 & 1.26. FLSA Members are all current and former hourly-paid or

25  non-exempt employees who worked for any of the Defendants within the State of

26  California at any time during the period from February 14, 2016 through June 29,

27

28    [3] See Agreement, § 1.33 for the definition of Released Class Claims.
  [4] See Agreement, § 1.34 for the definition of Released FLSA Claims.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

2020 ("FLSA Period"). Agreement, §§ 1.23 & 1.25.

As discussed in VII, *infra*, approval of the FLSA Collective is appropriate with respect to the Settlement.

### C.   Essential Terms of the Settlement

Defendants will pay a Class/Collective Settlement Amount of $2,000,000. Agreement, § 1.3. The Net Settlement Amount means the amount remaining after deducting the following from the Class/Collective Settlement Amount: (1) attorneys' fees and costs related to the Action of up to $700,000 to Class Counsel ("Class Counsel Fees and Costs"); (2) Enhancement Awards of up to $10,000 each to Plaintiffs; and (3) Settlement Administration Cost of up to $25,000 to the Settlement Administrator. *Id.*, §§ 1.5,1.17,1.27, & 1.37. Assuming the allocations toward these payments are awarded in full, the Net Settlement Amount available for distribution to Class Members who do not submit a timely and valid request for exclusion from the Class Settlement ("Participating Class Members") and FLSA Members who timely and validly opt-in to the FLSA Settlement ("Participating FLSA Members") is estimated to be $1,129,500. Aiwazian Decl., ¶ 17. Ninety percent (90%) of the Net Settlement Amount will be allocated to the Class Settlement ("Class Fund"), and the remaining ten percent (10%) of the Net Settlement Amount will be allocated to the FLSA Settlement ("FLSA Fund"). Agreement, §§ 1.6, 1.22 & 4.5.

The Class Fund will be distributed to Participating Class Members on a *pro rata* basis, based upon the Class Members' Workweeks[5] during the Class Period as compared to the number of Workweeks worked by all Participating Class Members during the Class Period. Agreement, § 6.1.2. The FLSA Fund will be distributed to FLSA Members on a *pro rata* basis, based upon the FLSA Member's number of individual Workweeks during the FLSA Period as compared to the total number of

---

[5] Workweeks means the number of days of employment for each Class Member and FLSA Member during the Class Period and FLSA Period, respectively, subtracting days on leave of absence (if any), dividing by seven (7), and rounding up to the nearest whole number. Agreement, § 1.39.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Workweeks worked by all FLSA Members during the FLSA Period. Agreement, §
6.1.1. The entire Net Settlement Amount will be distributed to Participating Class
Members and FLSA Members with no reversion to Defendants.

### D.     Calculation and Range of Class Payments for Class Members

The Settlement Administrator will calculate each Participating Class Member's
*pro rata* share of the Class Fund ("Class Payment") by dividing the Class Fund by the
total number of Workweeks by all Participating Class Members during the Class
Period, and then multiplying the resulting figure by the number of Workweeks of
each Participating Class Member during the Class Period. *Id.*, § 6.1.2. Class
Payments will be allocated as twenty percent (20%) unpaid wages, to be reported on
IRS Form W-2 and eighty percent (80%) penalties and interest, to be reported on IRS
Form 1099. *Id.*, § 10.2.5. The Class Payment will be reduced for the employee's
share of tax withholdings and payroll deductions on the wages portion. *Id.*
Defendants agree to pay the employer's share of payroll taxes on the Class Payments
separately and in addition to the Gross Settlement Amount. *Id.*, §§ 2.6.3 & 10.2.5.

The Net Settlement Amount is currently estimated to be $1,255,000. Aiwazian
Decl., ¶ 18. Assuming a Class Fund of $1,129,500 (i.e., 90% of $1,255,000), the
range of estimated Class Payments that individual Participating Class Members could
be credited with, based on their respective Workweeks during the Class Period and
data provided by Defendants as of December 2019, are estimated as follows:

- 6 months: [($1,129,500 ÷ 150,000 Workweeks) x 26 Workweeks] = $195.78
- 1 year: [($1,129,500 ÷ 150,000 Workweeks) x 52 Workweeks] = $364.52
- 2 years: [($1,129,500 ÷ 150,000 Workweeks) x 104 Workweeks] = $783.12
- 3 years: [($1,129,500 ÷ 150,000 Workweeks) x 156 Workweeks] = $1,174.68
- 4 years: [($1,129,500 ÷ 150,000 Workweeks) x 208 Workweeks] = $1,566.24.

### E.     Calculation and Range of FLSA Payments for FLSA Members

The Settlement Administrator will also calculate each FLSA Member's *pro
rata* share of the FLSA Fund ("FLSA Payment"), by dividing the value of the FLSA
Fund by the total number of Workweeks of all FLSA Members during the FLSA
Period, and then multiplying the resulting figure by the Workweeks of each FLSA

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Member during the FLSA Period. *Id.*, § 6.1.1. FLSA Payments will be allocated as 100% liquidated damages to be reported on an IRS Form 1099. *Id.*, § 10.2.4.

The Net Settlement Amount is currently estimated to be $1,255,000. Aiwazian Decl., ¶ 18. Assuming an FLSA Fund of approximately $125,500 (10% of $1,255,000), the range of estimated FLSA Payments that individual Participating FLSA Members could be credited with, based on their respective number of Workweeks during the FLSA Period and data provided by Defendants as of December 2019, are estimated as follows:

- 6 months: [($125,500 ÷ 140,000 Workweeks) x 26 Workweeks] = $23.31
- 1 year: [($125,500 ÷ 140,000 Workweeks) x 52 Workweeks] = $46.61
- 2 years: [($125,500 ÷ 140,000 Workweeks) x 104 Workweeks] = $93.23
- 3 years: [($125,500 ÷ 140,000 Workweeks) x 156 Workweeks] = $139.84

## F. Settlement Opt-Out and Objection Procedures

Class Members may opt out of the Class Settlement by mailing to the Settlement Administrator a written request ("Request for Exclusion"). Agreement, § 8.2.1. A Request for Exclusion must: (a) state the case name and number of the *Gant* Class Action; (b) provide the Class Member's name (and former names, if any), current address, current telephone number, and last four digits of his or her Social Security number; and (c) clearly state that the Class Member wishes to be excluded from the Class Settlement. *Id.*, § 8.2.1. A Request for Exclusion must be postmarked no later than the date that is forty-five (45) calendar days from the initial mailing of the Notice, or in the case of a re-mailed Notice, an additional twenty-one (21) calendar days ("Response Deadline"). *Id.*, § 1.36. Any Class Member who submits a timely and valid Request for Exclusion will not be bound by the terms of the Class Settlement. *Id.*, § 8.2.2.

Class Members that have not submitted a timely and valid Request for Exclusion (i.e., Participating Class Members), may object to the Class Settlement by submitting a written objection ("Notice of Objection") to the Settlement Administrator on or before the Response Deadline. *Id.*, § 8.3.1. To be valid, a Notice

of Objection must include: (i) the case name and number of the *Gant* Class Action; (ii) the objector's full name, signature, address, telephone number, and last four digits of the Social Security Number of the Class Member submitting the Notice of Objection; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; and (v) a statement whether the objector intends to appear at the Final Approval Hearing. *Id.*, § 8.3.1.

### G.   Scope of the Class Release

The Released Class Claims that are the subject of the Class Settlement are:

any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or that could have been asserted and arise from the same set of operative facts alleged in the operative complaints of the Consolidated Class/Collective Action during the Class Period, including, but not limited to, all claims under California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, claims under the California Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*, and any remedies for any of the claims described herein, including, damages, penalties, restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs. The Released Class Claims exclude all claims for civil penalties under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA") and all claims provided for under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Agreement, § 1.33.

Upon the Effective Date[6], Plaintiffs and Participating Class Members will release all Released Class Claims with respect to the Released Parties. *Id.*, § 5.1.

### H.   Scope of the FLSA Release

The Released FLSA Claims that are subject to the FLSA Settlement are:

any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or reasonably could have been asserted based on the facts already alleged in the operative complaints of the Consolidated Class/Collective Action during the FLSA Period, for any alleged violations under the FLSA, including, but not limited to, failure to pay minimum wage or failure to pay overtime under

[6] *See* Agreement, § 1.16, for the definition of the "Effective Date."

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the FLSA. The Released FLSA Claims covers only claims provided for under FLSA. Agreement, § 1.34.

Upon the Effective Date, Plaintiffs and Participating FLSA Members will be deemed to have released the Released Parties of Released FLSA Claims. *Id.*, § 5.2.

## J.   The Settlement Is Contingent Upon the Approval of The PAGA Settlement and Proposed Schedule for Seeking the Approval of Both Settlements

In connection with the global settlement of the Consolidated Class/Collective Action and PAGA Action, the Parties have agreed to settle the PAGA Action in the amount of $1,000,000.00, subject to the approval of the state court presiding over the PAGA Action (*see infra*, footnote 2). The Parties acknowledge and agree that the proposed Settlement in this Action is contingent upon the approval of the proposed settlement in the PAGA Action, and vice versa. Agreement, § 9.5.

To promote judicial economy and avoid any potential inconsistent rulings, the Parties have agreed to adopt the following schedule for seeking approval of both settlements: (1) seeking preliminary approval of the Settlement in the Action (including conditional certification of the class and FLSA collective for settlement purposes only), (2) seeking approval of the PAGA settlement, (3) disseminating the Notice to the Class and FLSA Members, and (4) seeking final approval of the Settlement in this Action. *Id.* at 9.2.

## IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AND COLLECTIVE ACTION

Class action settlements require approval by the court. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

9

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

In considering whether FLSA settlements should be approved, courts look to whether the settlement is a fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53. A *bona fide* dispute exists when "there are legitimate questions about the existence and extent of Defendants' FLSA liability. *Selk v. Poners Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016).

## V.      THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

extensive negotiations, and is fair and reasonable. Therefore, the Class Settlement should be preliminarily approved.

### A.   The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery

An initial presumption of fairness exists "if the settlement is recommended by Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation, as class counsel are most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the Parties actively litigated this case since the *Gant* Class Action was commenced on February 14, 2019. Class Counsel conducted a thorough investigation into the facts of the cases, including, *inter alia*, interviews with Plaintiffs and many Class Members, and diligently investigated the allegations in this lawsuit. Aiwazian Decl., ¶¶ 11-14. Class Counsel reviewed thousands of pages of data and documents, including, but not limited to: employment records; sampling of time and pay data; class-wide data containing hourly rates and dates of employment for Class Members; multiple iterations of Defendants' California Store Employee Handbook (which included, *inter alia*, policies and procedures regarding attendance and punctuality, meal periods, rest breaks, and personal appearance requirements); job descriptions, checklists (including New Hire Checklist, California New Store Employee Personnel File Checklist, Termination Checklist), internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendants' policies, practices, and procedures, among other information and documents. *Id.*, ¶ 14. Class Counsel propounded multiple sets of discovery requests onto Defendants, noticed the depositions of Defendants' person most knowledgeable designees, prepared initial disclosures, reviewed Defendants' initial disclosures, worked with Plaintiff Gant to provide responses to requests for production of documents propounded by Defendants, and prepared for and defended the deposition of Plaintiff Jeree Gant. *Id.*,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

¶ 14. The parties also engaged in significant motion practice and met and conferred on numerous occasions over issues relating to the motion practice, pleadings, jurisdiction, discovery, mediation, and the settlement negotiations. *Id.*

The data and documents produced in this matter enabled Class Counsel to prepare damages/valuation models in preparation for the mediation, to determine the potential value and strength of the claims, and to estimate the potential claim of each Class and FLSA Member. *See id.*, ¶ 27.

The Parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by David Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 12. During mediation, the Parties exchanged information and discussed various aspects of the cases, including and not limited to, the claims of Plaintiffs, the risks and delays of further litigation and of proceeding with class and collective certification, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, FLSA claims, the evidence produced and analyzed, the possibility of appeals, and the risks to recovery.[7] *Id.* ¶ 12.

While the Parties disagree over the merits and certifiability of Plaintiffs' claims, Plaintiffs and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class and FLSA Members, in light of all known facts and circumstances. *Id.*, ¶¶ 12 & 28.

**B.    The Settlement Is Fair, Reasonable, and Adequate**

The Settlement, which provides for a Class/Collective Settlement Amount of $2,000,000, represents a fair, reasonable, and adequate resolution of the Action.

---

[7] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Under the Settlement, the entire Net Settlement Amount will be distributed to Participating Class Members and FLSA Members. The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or collective basis. Aiwazian Decl., ¶¶ 12 & 25-28. Additionally, the Settlement guarantees a certain monetary recovery to Participating Class Members and FLSA Members in a reasonably short period of time, as opposed to waiting additional years for the same or possibly no recovery.

The Settlement was calculated using data and information uncovered through significant case investigation and informal exchange of information in the context of mediation and settlement negotiations. *Id.*, ¶¶ 12-17. Prior to reaching the Settlement, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶ 11. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be awarded to Class Members and FLSA Members, and permitted a comprehensive understanding of Defendants' employment policies, practices, and procedures. *See id.*, ¶¶ 25-29. This information proved invaluable in negotiating a settlement amount that fairly compensates the Class Members and FLSA Members. *Id.,* ¶ 14.

The Parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 26-27. Prior to the mediation, Class Counsel performed a damages and valuation analysis based on time and pay data provided by Defendants. *See id.*, ¶¶ 16 & 25. During mediation, Defendants provided information and data supporting their position that their policies and practices fully complied with the law. *Id.*, ¶¶ 23, 26, & 28. Defendants argued that individual issues would predominate because their non-exempt employees worked at different locations, in different positions, or during different periods of time, and were therefore, subject to variant employment policies, practices, and procedures, and the reasons why a Class Member failed to receive a meal or rest break or worked off-the-clock would also raise individual issues that cannot be certified. *Id.*

13

1    Plaintiffs face numerous risks in continued litigation, including and not limited

2    to, the risk of receiving no recovery if a class is not certified and/or no liability is

3    found. *Id.*, ¶¶ 24-28. Plaintiffs also face the real possibility that, if there is a recovery

4    against Defendants after years of litigation and a lengthy and costly trial, the amount

5    may be much less than the amount negotiated in this Settlement. *See id.*, ¶¶ 26-28.

6          **1.    The Settlement Treats All Class Members and FLSA**

7          **Members Fairly**

8    There is no reason to doubt the fairness of the proposed plan of allocation of

9    the settlement funds for purposes of preliminary approval. Even at the *final* approval

10    stage: "an allocation formula need only have a reasonable, rational basis, particularly

11    if recommended by experienced and competent class counsel." *Nguyen v. Radient*

12    *Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014);

13    *see Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

14    Here, the Settlement is fair because it poses no risk of unequal treatment of any

15    Class Member or FLSA Member. Class Payments and FLSA Payments will be

16    calculated on a *pro rata* basis, based upon the number of Workweeks during the

17    Class Period and FLSA Period. Agreement, § 6.1. Considering the facts in the cases,

18    the amount of the Settlement represents a fair, reasonable, and adequate recovery for

19    the Class Members and FLSA Members. Aiwazian Decl., ¶ 29.

20        **C.    The Settlement Is Within the Range of Possible Approval**

21    The Settlement, which provides for a Class/Collective Settlement Amount of

22    $2,000,000, provides substantial monetary recovery to Class Members and FLSA

23    Members, and is fair, reasonable, and adequate in light of the value of the claims and

24    the significant risks of continued litigation. Similarly, all of the other Settlement

25    terms for which Plaintiffs request approval and/or preliminary approval fall within

26    the range of reasonableness, as discussed below.

27          **1.    The Requested Enhancement Awards Are Reasonable**

28    Subject to approval by the Court, Plaintiffs will receive Enhancement Awards

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  of up to $10,000 to each of them. The Enhancement Awards will be paid in addition

2  to Plaintiffs' Class Payments and FLSA Payments.

3      The trial court has discretion to award incentives to the class representatives.[8]

4  *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts

5  routinely approve enhancement awards to class representatives for their time and

6  efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*,

7  327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving service awards in

8  the range of $2,000 to $25,000). "Enhancement awards are particularly appropriate in

9  wage-and-hour actions" because named plaintiffs bear "a significant reputational risk

10  for bringing suit against their former employers." *Bellinghausen v. Tractor Supply*

11  *Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

12      Moreover, Plaintiffs spent considerable time and effort to produce relevant

13  documents and past employment records and provided the facts and evidence

14  necessary to attempt to support the allegations. Aiwazian Decl., ¶ 23; Gant Decl., ¶¶

15  2-6; Lacey-Salas Decl., ¶ 2-6. Plaintiffs were available whenever counsel needed

16  them and tried to obtain documents and information that would benefit the Class

17  Members and FLSA Members. *Id.* Accordingly, it is appropriate and just for

18  Plaintiffs to receive reasonable Enhancement Awards for their services on behalf of

19  the Class Members and FLSA Members.

20          **2.      The Allocations for Attorneys' Fees and Costs Is Reasonable.**

21      Class Counsel meet the requirements under Federal Rule of Civil Procedure

22

---

23  [8] In assessing the reasonableness of an incentive award, several district courts in the

24  Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in

25  commencing a class action; (2) the notoriety and personal difficulties encountered by the
   class representative; (3) the amount of time and effort spent by the class representative;

26  (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by
   the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc.*

27  *FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-
   11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*,

28  51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23(g). Class Counsel conducted extensive research, investigation, litigation and analysis of the potential value of the claims. Aiwazian Decl., ¶¶ 12-14; Nordrehaug Decl., ¶¶ 4-6. Additionally, Class Counsel are highly experienced in wage-and-hour litigation and class action cases. Aiwazian Decl., ¶ 7; Nordrehaug Decl., ¶ 3. Class Counsel have committed and continue to commit significant financial and staffing resources to representation in this matter. Aiwazian Decl. ¶ 10-14. As such, appointment of Lawyers *for* Justice, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP, as Class Counsel is appropriate.

The Settlement establishes a Class/Collective Settlement Amount of $2,000,000, and provides for Class Counsel to apply for attorneys' fees and litigation costs and expenses related to the Action in an amount of up to 35% of the Class/Collective Settlement Amount. Agreement, § 1.5. Class Counsel will file an appropriate motion or application in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit complete and final supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to determine attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[9] While often a 25% benchmark is observed by the Ninth Circuit, an upward or downward adjustment is warranted if "the percentage recovery would be […] too small […] in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a proposed class action

---

[9] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  settlement includes an award of attorneys' fees, courts must evaluate that fee award

2  on a case-by-case basis, in the overall context of the settlement.[10] In California,

3  attorneys' fees tend to be awarded above the 25% federal benchmark. *See Van*

4  *Vranken*, 901 F. Supp. at 297 (holding that fee awards of 30-50% are more typical

5  where the fund is less than $10 million); *Craft v. Cnty. of San Bernardino*, 624 F.

6  Supp. 2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the

7  fund is below $10 million are often more than 25%). Moreover, California federal

8  courts award fees in the 20% to 50% range. *Clayton v. Knight Transp.*, 2013 WL

9  5877213, at *23 (E.D. Cal. Oct. 30, 2013).[11]

10       The goal is to award "reasonable compensation for creating a common fund."

11  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In

12  reviewing a fee award request, courts consider the following factors: (1) the results

13  achieved; (2) whether there are benefits to the class beyond the immediate generation

14  of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality

15  of the work performed; (5) the contingent nature of the fee and the foregoing by

16  counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-

17  50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these

18  factors, the most significant factor is the "degree of success obtained." *Hensley v.*

19  *Eckerhart*, 461 U.S. 424, 436 (1983).

20

---

21  [10] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d
22  at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2,
    2009).
23  [11] District courts usually award attorneys' fees in the 30-40% range in wage-and-hour
    class actions that result in recovery of a common fund under $10 million. *See Vasquez v.*
24  *Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent
    wage-and-hour class actions where district courts approved attorneys' fee awards
25  ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8
    (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and
26  holding that the award was similar to awards in other wage-and-hour class actions where
    fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL
27  3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions
    average around one-third" of the settlement).
28

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Here, the attorneys' fee award provided for by the Settlement is reasonable,
2  particularly in light of the time and effort expended by Class Counsel.[12] Class
3  Counsel litigated this case for over a year, with the possibility of an unsuccessful
4  outcome and no fee recovery of any kind. Aiwazian Decl., ¶¶ 10-14. The ongoing
5  work has been demanding and ultimately successful in achieving a substantial
6  settlement. Given the strengths and weaknesses of the claims and the risk and
7  expense of further litigation, Class Counsel have achieved an excellent result on
8  behalf of the Class Members and FLSA Members. Considering the amount of the
9  fees requested, the work performed, and the risks incurred, the allocations for
10  attorneys' fees and costs provided by the Settlement are reasonable and should be
11  awarded. *See Vizcaino*, 290 F.3d at 1051.

## VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

14    Class certification under Rule 23(a) is appropriate where the plaintiff
15  demonstrates the four requirements of Rule 23(a) (numerosity, commonality,
16  typicality, and adequacy of representation), and one of the three requirements of Rule
17  23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The
18  proposed Class meets all of these requirements.

### A.   Numerosity

20    A class is sufficiently numerous if it is "so large that joinder of all members is
21  impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of
22  purported class members is sufficient to meet the numerosity requirement." *In re*
23  *Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992). The
24  proposed Class consists of approximately two thousand fifty-three (2,053)
25  individuals. Aiwazian Decl., ¶ 11. The proposed Class is sufficiently numerous, and

---

[12] Attached to the declarations of Edwin Aiwazian and Kyle Nordrehaug as "EXHIBIT 2" are charts detailing the various work performed and to be performed, hours spent on such work, and the attorneys who performed such work.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1 joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor*

2 *Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593

3 (9th Cir. 2012) ("[C]lasses of forty or more are considered sufficiently numerous.").

4     **B.**   **Commonality**

5     A Class has sufficient commonality "if there are questions of fact and law

6 which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of

7 at least one question of law or fact satisfies this requirement.[13] Commonality has been

8 found to exist when there is a common legal issue stemming from divergent factual

9 predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*,

10 150 F.3d at 1019.

11     Courts generally find commonality where "the lawsuit challenges a system-

12 wide practice or policy that affects all of the putative class members[]" and divergent

13 ways in which these practices affect individual Class Members, if any, do not

14 undermine the finding of commonality.[14] Here, the Class Members seek remedies

15 under wage-and-hour laws for violations arising from common, uniform, and

16 systematic practices which applied to all Class Members during the Class Period. *See*

17 e.g., Aiwazian Decl., ¶¶ 10, 24, & 25; Gant Decl., ¶ 3-4. Accordingly, the

18 commonality requirement is satisfied for settlement purposes.

19     **C.**   **Typicality**

20     The typicality requirement is satisfied where "the cause of the injury is the

21 same," as here, and the injury claimed by the named plaintiffs are "similar" to that of

22 unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be

23 "identical." *Id.* at 869. Here, Plaintiffs' claims are typical of those of the Class

24 Members, though some factual differences may exist among them, as the claims arise

25

26 [13] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

27 [14] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds*

28 *by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  from the same events or course of conduct and are based upon the same legal

2  theories. Plaintiffs worked as non-exempt employees for Defendants. Gant Decl., ¶ 2;

3  Lacey-Salas Decl., ¶ 2. The Class satisfies the typicality requirement for settlement

4  purposes as Plaintiffs' claims arise from the same factual basis and are based on the

5  same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*,

6  117 F.R.D. 641, 644 (N.D. Cal. 1987).

7      **D.**   **Adequacy of Representation**

8      Rule 23(a)(4) requires that (1) class representatives fairly and adequately

9  protect the interests of the class, and (2) class counsel be qualified and competent to

10  conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir.

11  2000). The requirement "tends to merge with the commonality and typicality criteria

12  of Rule 23(a)."[15] The inquiry turns on whether "the named plaintiffs and their counsel

13  have any conflicts of interest with other class members" and "whether the named

14  plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the

15  class." *Hanlon*, 150 F.3d at 1020.

16      Plaintiffs' interests align with those of other Class Members, as all of them

17  were employed by Defendants within the State of California. Gant Decl., ¶ 2; Lacey-

18  Salas Decl., ¶ 2. Plaintiffs' claims are typical of those of Class Members, which are

19  confined to a limited group of similarly situated employees during the Class Period.

20  Class Counsel are highly experienced in employment class action and complex wage-

21  and-hour litigation, having handled many cases before and having been appointed

22  Class Counsel in many other cases. Aiwazian Decl., ¶ 7; Nordrehaug Decl., ¶ 3.

23  Plaintiffs contend that Class Counsel's experience in litigating similar matters was

24  integral to obtaining the Settlement.

25      **E.**   **Predominance and Superiority**

26      The proposed Class meets the requirements of Rule 23(b)(3) for settlement

27

28  [15] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   purposes because (1) common questions predominate over questions that affect

2   individual members; and (2) class resolution is superior to other available means of

3   adjudication. When assessing predominance and superiority, a court may consider

4   that the proposed class will be certified for settlement purposes only. *See Amchem*

5   *Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of

6   manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is

7   "whether the proposed classes are sufficiently cohesive to warrant adjudication by

8   representation." *Id.* at 618-20, 623; *see Hanlon*, 150 F.3d at 1022.

9           Here, the Class is sufficiently cohesive to warrant certification. For settlement

10  purposes, common questions of fact and law affecting Class Members predominate

11  over any questions that may affect only individual members. For example,

12  Defendants' alleged failure to properly pay Class Members for all hours worked and

13  provide compliant meal and rest periods are alleged to arise from Defendants'

14  uniform policies, practices, and procedures. As such, the questions of fact and law

15  relating to these issues predominate. *See* Aiwazian Decl., ¶¶ 25-26.

16          Moreover, a class resolution is superior to other available means for the fair

17  and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The

18  superiority requirement involves a "comparative evaluation of alternative mechanism

19  of dispute resolution." *Id.* Here, the alternative method of resolution is individual

20  claims, subject to proof, for relatively small amounts of damages, which would be

21  uneconomical for potential plaintiffs. *Id.* Therefore, a class resolution is superior to

22  any other available methods.

23  **VII.   CERTIFICATION OF THE FLSA COLLECTIVE IS APPROPRIATE**

24          The FLSA permits collective actions where the allegedly aggrieved employees

25  are "similarly situated." 29 U.S.C. § 216(b). Whether employees are similarly

26  situated is judged in two stages: a preliminary or "notice stage" and then a more

27  substantive stage at the close of discovery when the defendant brings a motion to

28  decertify the class. *Nen Thio v. Genji, LLC,* 14 F.Supp.3d 1324, 1340 (N.D. Cal.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

2014). Neither the FLSA, nor the Ninth Circuit, has defined the term "similarly situated" for purposes of certifying a collective action. *Nen Thio.*, 14 F.Supp.3d at 1340. However, courts have determined that "the requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure." *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010); accord *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 607 (E.D. Cal. 2015).

At the notice stage, plaintiffs can satisfy their burden to show that they are similarly situated by making substantial allegations that the "putative class members were together the victims of a single decision, policy, or plan. *Nen Thio.*, 14 F.Supp.3d at 1340. As discussed, *supra* section VI, Plaintiffs and other FLSA Members all claim to have suffered injury as a result of Defendants' uniform policies, practices, and procedures of allegedly failing to properly pay FLSA Members for all hours worked, including minimum and overtime wages. As such, Plaintiffs respectfully request that the Court conditionally certify the FLSA Collective.

# VIII. <u>ADEQUACY OF THE METHOD OF NOTICE</u>

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone, and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the lawsuits, the definition of the

Class and FLSA Collective, the terms of the Settlement, the scope of the Released Class Claims and Released FLSA Claims, the binding effect of the Class Settlement and FLSA Settlement, the number of Workweeks credited to each Class Member during the Class Period and FLSA Member during the FLSA Period (if applicable), and his or her estimated Class Payment and FLSA Payment, the consequences of opting into the FLSA Collective to participate in the FLSA Settlement and receive payment, and the allocations for Class Counsel Fees and Costs, Enhancement Awards, and Settlement Administration Cost. The Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

All Class Members can and will be identified by Defendants through a review of their business records. After receiving the data from Defendants regarding each Class Member and FLSA Member, the Settlement Administrator will mail a Notice to each of them in English. Agreement, § 1.28.[16] Accordingly, the proposed Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

The Notice also fulfills the requirement of neutrality in class and collective notices. The Notice provides a brief, neutral explanation of the case from the perspective of both Parties and recognizes that the Court has not yet granted final approval of the Settlement.[17] The Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Notices of Objection to the Class Settlement, and disputes regarding the number of Workweeks credited to Class Members and/or FLSA Members. The proposed Notice satisfies all due process requirements and complies with the

---

[16] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").
[17] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   standards of fairness, completeness, and neutrality. Accordingly, the Court should

2   approve the proposed Notice.

3   ## IX.   APPOINTMENT OF SIMPLURIS, INC. AS THE ADMINISTRATOR

4        The Parties have selected Simpluris, Inc. as the Settlement Administrator to

5   handle the notice and administration of the Settlement. Simpluris will format, print,

6   and mail the Notice to Class Members and/or FLSA Members; review and process

7   Requests for Exclusion, Notices of Objection, and written disputes regarding

8   Workweeks; calculate Class Payments and FLSA Payments; withhold applicable

9   taxes; prepare and transmit necessary tax documentation and filings; and transmit all

10  required payments. Agreement, §§ 4.4-4.4.7. Simpluris will also handle inquiries

11  from Class Members and FLSA Members regarding the Settlement, and perform any

12  other usual and customary duties for administering a class action settlement. *Id*.

13       Settlement Administration Cost are currently estimated not to exceed $25,000,

14  and will be paid out of the Class/Collective Settlement Amount. Plaintiffs

15  respectfully request that the Court appoint Simpluris as the Settlement Administrator

16  and direct distribution of the Notice in the manner, and based on the proposed

17  deadlines, set forth in the Settlement Agreement and Section X, below.

18  ## X.   DEADLINES FOR NOTICE AND ADMINISTRATION

19       The Court is respectfully requested to approve the proposed deadlines for the

20  notice and settlement administration process. Defendants will provide the Data List to

21  the Settlement Administrator within twenty (20) calendar days following the

22  occurrence of both of the following events: the Court granting preliminary approval

23  of the proposed Settlement and the Los Angeles Superior Court granting approval of

24  the PAGA Settlement.[18] *Id.*, §§ 2.4 & 7.1. Within fifteen (15) calendar days of receipt

25  of the Data List, Simpluris will send a Notice to each Class Member and FLSA

26  _____

27  [18] Plaintiffs are seeking approval of a separate agreement between the Parties to settle
     claims under the Private Attorneys General Act, California Labor Code section 2698,
     et seq. ("PAGA Settlement") in the action entitled *Jeree Gant v. Aldi, Inc., et al.*, Los

28  Angeles County Superior Court Case No. 19STCV12320.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Member. *Id.*, § 7.2. If a Notice is returned as undeliverable, Simpluris will re-mail it to a forwarding address or address located through skip-tracing within five (5) calendar days. *Id.*, § 7.3. Requests for Exclusion, Workweeks disputes, and Notices of Objection must be mailed to Simpluris, post-marked by the Response Deadline. *Id.*, § 1.36.

All Class Payment checks and FLSA Payment checks will remain valid and negotiable for 180 days from the date of the mailing. After 180 calendar days from the date of mailing, the checks will become null and void and the funds remaining will be distributed to Public Counsel. *Id.*, ¶ 10.4.2. For any Participating Class Members who the Class Payment checks were deemed undeliverable, the funds associated with those Class Payment checks will be distributed to the Controller to be held pursuant to the Unclaimed Property Law, California Code of Civil Procedure §§ 1500 *et seq.*, for the benefit of those Participating Class Members. *Id.*, § 10.4.3.

# XI.   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement; certify the Class and approve the FLSA Collective for settlement purposes; appoint Lawyers *for* Justice, PC and Blumenthal Nordrehaug Bhowmik De Blouw LLP as Class Counsel; preliminarily approve the allocations for an award of Class Counsel Fees and Costs, Enhancement Awards, and Settlement Administration Cost; appoint Plaintiffs as the Class Representatives; appoint Simpluris, Inc. as Settlement Administrator; approve and direct the mailing of the Notice to the Class and FLSA Members; and schedule a Final Approval Hearing after the state court grants approval of the separate PAGA Settlement.

Dated: June 22, 2020                                    **LAWYERS *for* JUSTICE, PC**


By:    /s/ Edwin Aiwazian_____
       Edwin Aiwazian
       *Attorneys for* Plaintiff Jeree Gant