UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:        (IN CHAMBERS) PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
                              OF CLASS AND COLLECTIVE ACTION SETTLEMENT (DKT. 52)

## I.    Introduction

On February 14, 2019, Jeree Gant ("Gant") filed this putative wage-and-hour class action in the Los Angeles Superior Court against Aldi, Inc., AI California, LLC (collectively, "Aldi," or "Defendants"), and Doe defendants. Dkt. 1-1. The action was removed on April 22, 2019. Dkt. 1. The First Amended Complaint ("FAC" (Dkt. 22)), which is the operative one, presents the following causes of action:

i.      Unpaid overtime, in violation of Cal. Lab. Code §§ 510, 1198;
ii.     Failure to provide meal period premiums, in violation of Cal. Lab. Code §§ 226.7, 512(a);
iii.    Failure to provide rest period premiums, in violation of Cal. Lab. Code § 226.7;
iv.    Unpaid minimum wages, in violation of Cal. Lab. Code §§ 1194, 1197, 1197.1;
v.     Failure to pay wages upon separation in a timely manner (*i.e.*, waiting time penalties), in violation of Cal. Lab. Code §§ 201, 202;
vi.    Non-compliant wage statements, in violation of Cal. Lab. Code § 226(a);
vii.   Unreimbursed business expenses, in violation of California Labor Code §§ 2800, 2802; and
viii.  Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*

On June 7, 2019, Jennifer Lacey-Salas ("Lacey-Salas") filed a parallel proceeding in the San Diego County Superior Court. It advanced essentially identical claims. *Lacey-Salas*, Dkt. 1-2.[1] However, the *Lacey-Salas* action also made references to alleged violations of the Fair Labor Standards Act. *Id.* ¶ 47. The *Lacey-Salas* action was removed to the Southern District of California on July 10, 2019. *Lacey-Salas*, Dkt. 1. After Defendants filed a notice of related cases, the *Lacey-Salas* action was transferred to the Central District and assigned to this bench officer. *Lacey-Salas*, Dkts. 7, 14, 18. The parties in this action and in the *Lacey-Salas* action reached a global settlement. Dkt. 40. After a pending motion to remand was denied in this action (Dkt. 46), it was consolidated with the *Lacey-Salas* action. Dkt. 47; *Lacey-Salas*, Dkt. 39. Because this action was the first-filed action, the parties in the consolidated

---

[1] Citations to docket entries in this action use the term, "Dkt." followed by the docket number. Citations to docket entries in the *Lacey-Salas* action, *Jennifer Lacey-Salas v. Aldi, Inc., et al.*, No. 2:19-CV-06741-JAK-PLAx, use the terms "*Lacey-Salas*, Dkt." followed by the docket number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

action were directed to file further filings on the docket of this action. Dkt. 47.

During the consolidation process, it came to light that Gant had filed a separate action in the Los Angeles Superior Court that advanced only claims pursuant to the California Private Attorneys General Act ("PAGA"). *Jeree Gant v. ALDI, Inc., et al.*, No. 19STCV12320. The effect of the consolidation was that any class action settlement would be addressed by this Court, and that any PAGA settlement would be addressed by the Los Angeles County Superior Court in that action. Dkt. 47 at 1.

On June 22, 2020, Gant and Lacey-Salas (collectively, "Plaintiffs") filed a motion for preliminary approval of a class action settlement ("Motion" (Dkt. 52)). The Motion was supported by a declaration by Plaintiffs' counsel (Dkt. 52-1 at 1-26), a copy of the proposed settlement agreement ("Settlement Agreement" (Dkt. 52-1 at 28-67), a proposed notice ("Proposed Notice" (Dkt. 52-1 at 69-74)), attorney's fee information for Gant's counsel ("Aiwazian Decl." (Dkt. 52-1 at 76-91)), attorney's fee information for Lacey-Salas' counsel (Dkt. 52-2), a declaration by Gant in support of an incentive award for her service as a class representative (Dkt. 52-3), and a declaration by Lacey-Salas in support of an incentive award for her service as a class representative (Dkt. 52-4). The Motion sought approval of all of the following:

1. Preliminary approval of the Settlement Agreement;
2. Conditional class certification;
3. Conditional approval of a proposed Fair Labor Standards Act ("FLSA") collective ("FLSA Collective");
4. Appointment of Plaintiffs as representatives of the class ("Class") and members of the FLSA collective;
5. Appointment of Gant's counsel as class counsel ("Class Counsel");
6. Approval of the Proposed Notice;
7. Appointment of Simpluris, Inc. ("Simpluris") as the settlement administrator ("Settlement Administrator"), preliminary approval of settlement administration costs of $25,000, and an order directing Simpluris to mail the proposed notice; and
8. Scheduling of a hearing on final approval of the class action settlement.

A hearing on the Motion was held on June 29, 2020, and it was taken under submission. Dkt. 57. On December 17, 2020, the parties filed a joint report stating that the Los Angeles County Superior Court had entered an order approving settlement in the PAGA action. Dkt. 59.

For the reasons stated in this Order, the Motion is **GRANTED IN PART** as follows:

1. The Settlement Agreement is preliminarily approved, subject to two changes: the approved award of attorney's fees, exclusive of costs, is reduced to $600,000, and the approved award of incentive awards to the named Plaintiffs is reduced to $5000 each. This determination is without prejudice to an increase in the amount of the approved attorney's fees and incentive awards in connection with the motion for final approval, when the Court will engage in a *de novo* review of those matters as well as the award of litigation costs.
2. The proposed Class is conditionally certified.
3. The FLSA Collective is conditionally approved.
4. Gant's counsel from Lawyers for Justice, P.C., are appointed as Class Counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

5. The Proposed Notice is **APPROVED**, subject to changes that reflect the reductions in the approved attorney's fee award and incentive awards.
6. Simpluris is appointed as the Settlement Administrator, and a payment of up to $25,000 to Simpluris for settlement administration costs is approved.
7. Consistent with the Court's order at the June 29, 2020 hearing, the parties shall file a joint report to facilitate the scheduling of a final fairness hearing. *See* Dkt. 57.

## II.     Summary of Settlement Agreement and Notice

A.     Class and FLSA Collective Definitions

The Settlement Agreement defines a Class and an FLSA Collective. The definitions of the Class and the FLSA Collective are similar. They vary to reflect the different statutes of limitations that apply, and the requirement under FLSA for members of a collective action to opt into a settlement.

The Class is defined as "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the Class Period." Settlement Agreement ¶ 1.7. The Class Period is defined as between February 14, 2015 to June 29, 2020. *Id.* ¶ 1.9.

The FLSA Collective is defined as follows:

1.21 "FLSA Collective" means FLSA Members who endorse and negotiate their FLSA Payment and who will be bound by the FLSA Settlement. . . .

1.22 "FLSA Fund" means 10% of the Net Settlement Amount that the Parties have agreed to allocate for the FLSA Settlement. There will be no reversion of the FLSA Fund to Defendants.

1.23 "FLSA Member(s)" refers to all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the FLSA Period.

1.24 "FLSA Payment(s)" means each FLSA Member's respective share of the FLSA Fund.

1.25 "FLSA Period" means the period from February 14, 2016 through June 29, 2020.

1.26 "FLSA Settlement" means the settlement and resolution of the Released FLSA Claims, which will be binding on all Participating FLSA Members.

*Id.* ¶¶ 1.21-1.26.

B.     Gross Fund and Deductions

1.     In General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

The Settlement Agreement would provide for a gross settlement fund of $2 million. *Id.* ¶ 4.1. The settlement fund would be non-reversionary. *Id.* ¶¶ 1.6, 1.22, 1.27. As described below, certain deductions would be made from the settlement fund, resulting in a Net Settlement Amount ("NSA"). Of the NSA, 90% would be allocated to the Class Fund -- which would be used to satisfy the claims of Class Members -- and 10% would be allocated to the FLSA Fund -- which would be used to satisfy the claims of FLSA Members. *Id.* ¶¶ 1.6, 1.22.

The proposed allocation of the $2 million settlement fund is summarized in the following table.

| | Amount | Percent of Settlement Fund |
|---|---|---|
| **Settlement Fund** | **$2,000,000.00** | **100.00%** |
| Attorney's Fees and Litigation Costs | ($700,000.00) | 35.00% |
| Incentive Awards to Named Plaintiffs ($10,000 each) | ($20,000.00) | 1.00% |
| Settlement Administration Costs for Simpluris | ($25,000.00) | 1.25% |
| **Net Settlement Amount ("NSA")** | **$1,255,000.00** | **62.75%** |
| Class Fund (90% of NSA) | $1,129,500.00 | 56.48% |
| FLSA Fund (10% of NSA) | $125,500.00 | 6.28% |

*Id.* ¶¶ 1.3, 1.5, 1.6, 1.17 1.22, 1.27, 1.37, 4.1, 4.2, 4.3, 4.4, 4.5.

2.   Attorney's Fees and Costs

The Settlement Agreement states that Plaintiffs' counsel may seek up to $700,000 in attorney's fees and litigation costs. *Id.* ¶¶ 1.5, 4.2. The reasonableness of this request is evaluated below.

3.   Payments to Members of Putative Classes

The payments to Class Members would be calculated on a pro rata basis, per-workweek figures:

6.1 Payments Based On Workweeks. The Class Fund will be distributed to eligible Participating Class Members based on their number of Workweeks during the Class Period, and the FLSA Fund will be distributed to FLSA Members based on their number of Workweeks during the FLSA Period. Defendants shall provide records showing the total Workweeks of Class Members and FLSA Members during the Class Period and FLSA Period, respectively. Defendants' records shall be determinative for purposes of calculating the number of Workweeks worked and any payments to the Participating Class Members and FLSA Members.

6.1.1 Distribution of FLSA Fund. FLSA Payments to FLSA Members will be determined by dividing the value of the FLSA Fund by the total number of Workweeks of all FLSA Members during the FLSA Period, and then multiplying the resulting figure by the number of Workweeks of each FLSA Member during the FLSA Period.

6.1.2 Distribution of Class Fund. Class Payments to Participating Class Members will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

determined by dividing the value of Class Fund by the total number of Workweeks of all Participating Class Members during the Class Period, and then multiplying the resulting figure by the number of Workweeks of each Participating Class Member during the Class Period.

*Id.* ¶ 6.1.

If a Class Member also opts into the FLSA Collective, that person would receive two payments: one for membership in the Class and the other as part of the FLSA Collective.

The parties propose that 20% of any amounts paid to Class Members, would be characterized as wages, and that the remaining 80% would be classified as non-wage income. *Id.* ¶ 10.2.5. All amounts paid to FLSA Members would be characterized as non-wage income. *Id.* All employer-side payroll and income taxes would be paid by Defendants separately, and not from the settlement fund. *Id.*

> 4.     <u>Class Representative Enhancement</u>

Under the terms of the Settlement Agreement, Gant and Lacey-Salas would each receive $10,000 class representative enhancement payments. *Id.* ¶¶ 1.17, 4.3. These payments would be in addition to any payment due to Gant and Lacey-Salas as members of the Class and/or FLSA Collective. *Id.*

> 5.     <u>Settlement Administration Costs</u>

The parties seek the appointment of Simpluris as the settlement administrator. The Settlement Agreement states that no more than $25,000 would be deducted for the purposes of settlement administration. *Id.* ¶¶ 1.37, 1.38, 4.4.

> C.     Notice and Payment Plan

> 1.     <u>In General</u>

The notice plan will come into effect after two conditions are met: (i) preliminary approval of the class action settlement; and (ii) approval of the PAGA settlement by the Los Angeles Superior Court in the related PAGA-only action. Within 20 calendar days after both of these conditions are met, the Defendants would send a Data List to the Settlement Administrator that includes certain information necessary to contact each Class Member and each person who can opt into the FLSA Collective, and to calculate their respective awards. *Id.* ¶¶ 1.13, 7.1.

With 15 days of the receipt of the Data List, the Settlement Administrator would send the Proposed Notice to each person by U.S. mail. *Id.* ¶ 7.2 The settlement administrator would attempt to locate updated addresses for any persons whose notices are returned as undeliverable, and then resend those notices to such addresses. *Id.* 7.3.

Class Members would be able to respond to the Proposed Notice by opting out, by objecting, or by contesting the number of workweeks with which they are credited. They are to do so within 45 days of the mailing of the Proposed Notice. *Id.* ¶¶ 1.36, 8.1-8.4. The timeliness of an opt-out request or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

objection would be determined by the postmark date of the request. *Id.* ¶ 8.1. The Settlement Agreement would bind any Class Member who does not opt out. *Id.* ¶ 8.2.2.

The payment plan would be triggered by the passage of the Effective Date of the Settlement Agreement, which is defined as

> the date upon which all of the following have occurred: (i) the Federal Court has granted final approval of the Settlement and entered judgment thereof; (ii) the PAGA State Court has granted approval of the PAGA Settlement and entered judgment thereof; (iii) the Federal Court's judgment approving the Settlement becomes Final; and (iv) the PAGA State Court's judgment approving the PAGA Settlement becomes Final.

*Id.* ¶ 1.16.

Within 30 days of the Effective Date, Defendants would deposit the $2 million settlement amount with the Settlement Administrator. *Id.* ¶ 10.1. Within 20 days of such funding, the Settlement Administrator would cause checks to be sent to Class Members and those eligible to join the FLSA Collective. *Id.* ¶¶ 10.2.1. The checks for the settlement of class claims, and those for the settlement of FLSA claims, would be separate. *Id.* ¶ 10.3. The checks sent to those eligible to join the FLSA Collective, would bear language on the back stating that by endorsing and negotiating the check, the recipient opts into the FLSA Collective and consents to be bound by the terms of the Settlement Agreement as to the FLSA claims. *Id.*

Any check that is not negotiated within 180 days of the date of mailing would be tendered to Public Counsel as a *cy pres* recipient pursuant to Cal. Code Civ. Proc. § 384(b). *Id.* ¶ 10.4.2.

2.  Terms of the Proposed Notice

The Proposed Notice would be comprised of a single document titled "Notice of Class Action and FLSA Collective Settlement." Dkt. 52-1 at 69-74. The Proposed Notice would provide an explanation of the Settlement Agreement, explain why it was sent, define key terms, explain the history of this action and the *Lacey-Salas* action, summarize the financial terms of the settlement, and explain what rights would be released by those within either the Class or the FLSA Collective. *Id.* The Proposed Notice would provide an estimate of each Class Member's settlement payment and each FLSA Member's settlement payment if the recipient does not opt out of the Class and opts into the FLSA Collective, and explain how that estimate was calculated. *Id.* at 72. The Revised Proposed Notice would also explain that there will be a hearing on final approval of the class action settlement, and clearly state that the recipient may do any of the following: (i) take no action in response to the Proposed Notice; (ii) opt out of the settlement; (iii) submit an objection; or (iv) contest the number of workweeks with which they are to be credited. *Id.* at 69, 72, 74.

D.  Release of Claims

1.  Release Applicable to All Class Members

The Settlement Agreement includes a broad release:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

1.33 "Released Class Claims" shall mean any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or that could have been asserted and arise from the same set of operative facts alleged in the operative complaints of the Consolidated Class/Collective Action during the Class Period, including, but not limited to, all claims under California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, claims under the California Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*, and any remedies for any of the claims described herein, including, damages, penalties, restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs. The Released Class Claims exclude all claims for civil penalties under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA") and all claims provided for under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

1.34 "Released FLSA Claims" shall mean any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or reasonably could have been asserted based on the facts already alleged in the operative complaints of the Consolidated Class/Collective Action during the FLSA Period, for any alleged violations under the FLSA, including, but not limited to, failure to pay minimum wage or failure to pay overtime under the FLSA. The Released FLSA Claims covers only claims provided for under FLSA.

1.35 "Released Parties" shall mean Defendants, their former, present and future owners, parents, subsidiaries and affiliates, and all of their current, former and future officers, directors, members, shareholders, managers, human resources representatives, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and re insurers, and attorneys of the entities listed in this paragraph. . . .

5.1 Release By Participating Class Members. Upon the Effective Date, the Participating Class Members, Plaintiffs and their heirs, executors, administrators, attorneys, agents and assigns, fully and finally release and forever discharge the Released Parties from any and all Released Class Claims during the Class Period. As a result of this release, the Participating Class Members will be unable to bring a claim or seek recovery for any alleged violations of the Released Class Claims that took place during the Class Period.

5.2 FLSA Release. Only those FLSA Members who opt-in to the FLSA collective by endorsing and negotiating the FLSA Payment shall also release the Released Parties from the Released FLSA Claims during the FLSA Period. As a result of this release, the Participating FLSA Members will be unable to bring a claim or seek recovery for any alleged violations of the Released FLSA Claims that took place during the FLSA Period.

*Id.* ¶¶ 1.33-1.35, 5.1-5.2.

2.     Release Applicable to Plaintiffs Alone

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

The Settlement Agreement provides a broader release that would only apply to the named Plaintiffs. *Id.* ¶ 5.3.

**III.    Analysis**

   A.    Class Certification

The first step in considering a proposed, preliminary approval is to determine whether a class can be certified. "[T]he Ninth Circuit has taught that a district court should not avoid its responsibility to conduct a rigorous analysis because certification is conditional: Conditional certification is not a means whereby the District Court can avoid deciding whether, at that time, the requirements of the Rule have been substantially met." *Arabian v. Sony Elecs., Inc.*, No. 05-CV-1741-WQH, 2007 WL 627977, at *2 n.3 (S.D. Cal. Feb. 22, 2007) (quoting *In re Hotel Tel. Charges*, 500 F.2d 86, 90 (9th Cir. 1974)). "When, as here, the parties have entered into a settlement agreement before the district court certifies the class, reviewing courts must pay undiluted, even heightened, attention to class certification requirements." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (internal citation omitted).

Nevertheless, the existence of a settlement "is relevant to a class certification." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Consequently, when:

> [c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Id.* at 620 (internal citation omitted). "In the context of a request for settlement-only class certification, the protection of absentee class members takes on heightened importance." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016) (citing *Amchem*, 521 U.S. at 620).

The first step is to determine whether the proposed class meets each of the prerequisites of Rule 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). These are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4). Further, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350.

If these four prerequisites are met, the proposed class must meet the requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Here, Plaintiff relies on Rule 23(b)(3), which provides, in relevant part, that a class proceeding "may be maintained" if "questions of law or fact common to class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

1.    <u>Application</u>

     a)    Fed. R. Civ. P. 23(a) Requirements

        (1)    <u>Numerosity</u>

Rule 23(a)(1) requires that a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Although there is no specific numeric requirement, courts generally have found that a class of at least 40 members is sufficient. *See Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

Plaintiff's counsel estimates that there are 2053 Class Members. Dkt. 52-1 ¶ 11. This is sufficient to meet the numerosity requirement with respect to preliminary approval.

        (2)    <u>Commonality</u>

Rule 23(a)(2) provides that a class may be certified only if "there are questions of law or fact common to the class." Commonality requires a showing that the "class members have suffered the same injury" and "does not mean merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 350 (internal quotation marks omitted). The class claims must "depend on a common contention" that is "of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "Rule 23(a)(2) has been construed permissively. All questions of fact and law need not be common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1001, 1019 (9th Cir. 1998). In measuring commonality, "even a single common question will do." *Dukes*, 564 U.S. at 359 (internal quotation marks omitted). In general, the commonality element is satisfied where the action challenges "a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The putative wage-and-hour class claims present common questions of law and fact. The parties agree that the basis for Plaintiffs' claims are alleged employment practices and policies that were uniformly applied to many employees. Although there may be some facts that are unique to specific employees, courts generally find that the commonality requirement is met for such wage-and-hour claims. *See Coleman v. Jenny Craig, Inc.*, 649 Fed. App'x 387, 388 (9th Cir. 2016) (plaintiff may satisfy commonality requirement by proving that Defendants have "a common practice of forcing employees to take short or late meal breaks"); *Wright v. Renzenberger, Inc.*, 656 Fed. App'x 835, 837 (9th Cir. 2016) ("Whether [Defendant]'s policies complied with the law was a common question, whatever its merits."). To the extent that Plaintiffs brings a UCL claim, it is derivative of the wage-and-hour claims and would therefore satisfy the commonality requirement.

For the foregoing reasons, the commonality requirement is met for purposes of conditional certification of the Class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

(3)    Typicality

The typicality requirement is met if the "representative claims are 'typical,'" i.e., "if they are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. Representative claims "need not be substantially identical." *Id.* The test of typicality is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508. The commonality and typicality requirements of Rule 23(a) tend to merge. *See Dukes*, 564 U.S. at 349 n.5.

As noted, Plaintiffs' claims arise from alleged policies and practices by Defendants that allegedly affected Class Members uniformly. Therefore, the typicality requirement is met for purposes of conditional certification of the Class.

(4)    Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011).

Plaintiffs have submitted evidence that Gant's counsel, who is proposed as Class Counsel, and Lacey-Salas' counsel, have substantial experience in wage-and-hour litigation. Aiwazian Decl. ¶¶ 2, 4-6 (Gant's counsel); Dkt. 52-2 at 7-40 (Lacey-Salas' counsel). Plaintiffs' counsel have spent substantial time on this litigation, have adequately investigated Plaintiffs' claims, conducted formal and informal discovery, and engaged in extensive settlement discussions. Aiwazian Decl. ¶¶ 12-15. Plaintiffs' counsel also declare that the proceedings have been adversarial. *Id.* ¶ 16. There is no evidence of conflicts of interest for Plaintiffs or Plaintiffs' counsel in pursuing the operative claims.

For the foregoing reasons, the adequacy requirement is met for the purposes of conditional certification of the Class.

b)    Requirements of Fed. R. Civ. P. 23(b)(3)

(1)    Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The predominance analysis assumes that the Rule 23(a)(2) commonality requirement has already been established, *see Hanlon*, 150 F.3d at 1022, and "focuses on whether the 'common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication,'" *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 557 (9th Cir. 2019) (quoting *Hanlon*, 150 F.3d at 1022). "An

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal quotation marks omitted). Where the issues of a case "require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001).

"Predominance is not, however, a matter of nose-counting. Rather, more important questions apt to drive the resolution of the litigation are given more weight in the predominance analysis over individualized questions which are of considerably less significance to the claims of the class." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016) (internal citations omitted). "Therefore, even if just one common question predominates, 'the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately.'" *In re Hyundai*, 926 F.3d at 557 (quoting *Tyson Foods, Inc.*, 136 S. Ct. at 1045).

In addition, the requirements of Rule 23(b)(3) "must be considered in light of the reason for which certification is sought—litigation or settlement . . . ." *Id.* at 558. A class may be certifiable for settlement even though it "may not be certifiable for litigation" where "the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." *Id.*

As noted above, Plaintiffs' claims are premised on allegations that Defendants' alleged practices and policies applied generally to all members of the Class. Therefore, common issues of law and fact are likely to predominate. Moreover, given that class certification is sought for settlement purposes, the importance of individualized concerns is reduced.

For the foregoing reasons, the predominance requirement is met for the purposes of preliminary approval of the class action settlement.

(2)    Superiority

The final requirement for class certification under Rule 23(b)(3) is a showing that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The primary issues to be considered in connection with this inquiry are:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

*Id.*

Resolving the claims of this Class Action proceeding in a class action is superior to individual actions. As noted, Plaintiffs' counsel estimates that there are over 2053 Class Members. Counsel estimate that the maximum potential exposure to liability for the class claims is approximately $16.7 million, or approximately $8000 per Class Member. Aiwazian Decl. ¶ 27. This is a modest amount compared to the cost that each Class Member would spend to prosecute his or her claims. Therefore, individual Class Members do not have a strong interest in doing so. *See Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action . . . . A class action solves this problem . . . .") (internal quotation marks and citation omitted).

If any individual Class Member has a strong interest in bringing an individual action, he or she may opt out of the Settlement Agreement. There will be few challenges in managing this case as a class action given the proposed settlement will conclude the litigation.

For the foregoing reasons, the factors in Rule 23(b)(3) support certification as the superior means to resolve this action. Consequently, the request for conditional class certification is **GRANTED**.

      B.     Propriety of the FLSA Collective

The FLSA provides that an FLSA action may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). *Campbell v. City of L.A.* held that this "similarly situated" requirement is a low threshold, and is much less exacting than the Fed. R. Civ. P. 23 requirements for a class action. 903 F.3d 1090, 1112 (9th Cir. 2018) (citing *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Lusardi v. Lechner*, 855 F.2d 1062, 1078 (3d Cir. 1988)). The "similarly situated" requirement only requires that "plaintiffs must be alike with regard to some material aspect of their litigation." *Id.* at 1114.

Because the more stringent requirements of Fed. R. Civ. P. 23 have been satisfied, those under the more lenient standard under the FLSA are also met.

      C.     Preliminary Approval of the Settlement Agreement

          1.     <u>Legal Standards</u>

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. First, during the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement is "potentially" "fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton*, 327 F.3d at 952). In the second step, which occurs after preliminary approval, notification to class members, and the compilation of information as to any objections by class members, the court determines whether final approval of the settlement should be granted by applying several criteria.

Public policy prefers settlement. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
| --- | --- | --- | --- |
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation . . . ."). As the Ninth Circuit stated in *Officers for Justice*,

> the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Id.*

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Courts in the Ninth Circuit apply the seven so-called *Hanlon* factors:

> (1) the strength of the plaintiff's case;
> (2) the risk, expense, complexity and likely duration of further litigation;
> (3) the amount offered in settlement;
> (4) the extent of discovery completed and the stage of the proceedings;
> (5) the experience and views of counsel;
> (6) any evidence of collusion between the parties; and
> (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1026). Each factor does not necessarily apply to every class action settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating a proposed settlement. The factors set forth in Rule 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Fed. R. Civ. P. 23, Advisory Committee's Comments to 2018 Amendments.

Under Rule 23(e)(2), a court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>     (i) the costs, risks, and delay of trial and appeal;
>     (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title    | Jeree Gant v. Aldi, Inc., et al. | | |

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The settlement of collective actions under the FLSA is assessed under 29 U.S.C. § 216. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The issue presented under the FLSA is whether the settlement of collective-action claims "is a fair and reasonable resolution of a *bona fide* dispute." *Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Rest.*, No. C 05-0279-PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007)). That test is similar to the one that applies under Fed. R. Civ. P. 23(e); both focus on fairness and reasonableness. However, the FLSA adds an additional requirement: the dispute must be *bona fide*, *i.e.*, there must be some uncertainty about the extent of liability. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113-16 (1946).

      2.    <u>Application</u>

          a)    Whether the Class Representatives and Counsel Have Adequately Represented the Settlement Class

For the reasons stated above, Plaintiffs and their counsel have been adequate representatives of the Settlement Class. In addition, "[t]he extent of the discovery conducted to date and the stage of the litigation are both indicators of Counsel's familiarity with the case and of Plaintiffs having enough information to make informed decisions." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008); *see also Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case.").

Although the settlement was reached about a year after this action and the *Lacey-Salas* action were filed, it was preceded by informal and formal discovery, a factual investigation by Plaintiffs' counsel, and a private mediation. Aiwazian Decl. ¶ 12. Plaintiffs' counsel conducted interviews of Plaintiffs, members of the Class and the FLSA Collective, and percipient witnesses. *Id.* ¶ 13. Plaintiffs' counsel developed an understanding of Defendants' workplace policies, sampled time and pay data, examined employment records, assessed workplace checklists and internal memoranda, and engaged in substantial motions practice. *Id.* ¶ 14. The degree of factual development conducted by Plaintiffs' counsel is commensurate with what is customary in wage-and-hour class action settlements.

For the foregoing reasons, this factor weighs in favor of preliminary approval of the settlement.

          b)    Whether the Settlement Was Negotiated at Arm's Length

Courts in the Ninth Circuit "ha[ve] long deferred to the private consensual decision of the parties." *Rodriguez*, 563 F.3d at 965. However, a court will evaluate the facts to ensure that "the agreement is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Id.* The Ninth Circuit has identified three factors that may raise concerns of collusion: (1) "when counsel receive[s] a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded"; (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds"; and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund . . . ." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (internal quotation marks omitted).

There is no evidence that the settlement was the result of fraud, overreaching or collusion. As noted, the parties engaged in significant informal and formal discovery, and substantial motions practice. The parties' settlement was reached after a mediation with an experienced neutral. The settlement was not reached at the mediation itself. The parties reached the agreement a week later. Settlement Agreement §§ 2.6.1, 2.6.2. The record reflects adversarial and vigorously litigated proceedings. The Settlement Agreement is non-reversionary, and it does not include a clear-sailing provision.

For the foregoing reasons, this factor weighs in favor of preliminary approval of the settlement.

        c)     Whether the Relief Provided for the Settlement Class is Adequate

As noted, the Gross Fund Value is $2,000,000.00, and Plaintiff's counsel requests certain deductions from that amount. The proposed allocation of the $2 million settlement fund is summarized in the following table.

| | Amount | Percent of Settlement Fund |
|---|---|---|
| **Settlement Fund** | **$2,000,000.00** | **100.00%** |
| Attorney's Fees and Litigation Costs | ($700,000.00) | 35.00% |
| Incentive Awards to Named Plaintiffs ($10,000 each) | ($20,000.00) | 1.00% |
| Settlement Administration Costs for Simpluris | ($25,000.00) | 1.25% |
| **Net Settlement Amount ("NSA")** | **$1,255,000.00** | **62.75%** |
| Class Fund (90% of NSA) | $1,129,500.00 | 56.48% |
| FLSA Fund (10% of NSA) | $125,500.00 | 6.28% |

        (1)     Strength of Plaintiff's Claims, and the Costs, Risks and Delay of Trial and Appeal

It is "well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice*, 688 F.2d at 628. "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. "Estimates of a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." *In re Toys R Us-Del., Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453 (C.D. Cal. 2014); *see also Rodriguez*, 563 F.3d at 965 ("In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to the present value.").

During the settlement process, counsel estimated the maximum potential value of the putative claims based on the number of affected workers and workweeks, the average rate of pay, the statutory penalty as to the inaccurate wage statement claim, and certain assumptions about violation rates. The estimates are summarized in the following table with respect to the claims under the California Labor Code:

| Claim | Maximum Theoretical Value | Discounted Value | Reasons for Discounting |
|---|---|---|---|
| Overtime wage claim | $1,961,250.00 | $343,218.75 | 50% discount for class certification; 50% discount on merits; 30% discount for damages phase. |
| Minimum wage claim | $1,307,250.00 | $228,768.75 | 50% discount for class certification, 50% discount for merits; 30% discount for damages phase. |
| Meal period claim | $1,253,398.49 | $216,194.74 | 50% discount for class certification; 50% discount for merits; 30% discount for damages phase. |
| Rest period claim | $1,307,250.00 | $156,870.00 | 50% discount for class certification; 60% discount for merits; 40% discount for damages phase. |
| Waiting time penalty claim | $4,358,894.40 | $348,711.55 | 50% discount for class certification; 60% discount for merits; 60% discount for damages phase. |
| Wage statement claim | $4,092,000.00 | $327,360.00 | 50% discount for class certification; 60% discount for merits; 60% discount for damages phase. |
| Reimbursement claim | $113,810.85 | $3,556.59 | 75% discount for class certification; 75% discount for merits; 50% discount for damages phase. |
| **TOTAL** | $14,393,853.74 | $1,624,680.38 | |

Aiwazian Decl. ¶ 27.

The estimates are summarized in the following table with respect to the claims under the FLSA:

| Claim | Maximum Theoretical Value | Discounted Value | Reasons for Discounting |
|---|---|---|---|
| Overtime wage claim | $1,830,500.00 | $91,525.00 | 50% discount for class certification; 80% discount for merits; 50% discount for damages phase. |
| Minimum wage | $507,500.00 | $50,750.00 | 50% discount for class certification; 60% |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| claim | | | discount for merits; 50% discount for damages phase. |
|---|---|---|---|
| **TOTAL** | $2,338,000.00 | $142,275.00 | |

*Id.*

The discounts applied to the maximum potential recoveries to each claim are reasonable. The discounts -- while necessarily approximately -- are internally consistent across different claims, and make reasonable assumptions about which aspects of each claim might bar complete recovery. Similarly, the settlement amount of $2 million is consistent with the discounted value of Plaintiffs' claims.

For the foregoing reasons, this factor weighs in favor of preliminary approval.

(2)     The Effectiveness of Any Proposed Method of Distributing Relief to the Class

The proposed method of distributing relief to the class is fair and reasonable. Class Members are current or recently separated employees. Consequently, the proposed method of mailed notices and skip-trace searches if necessary is likely to be successful in locating Class Members and distributing payments to them.

For the foregoing reasons, this factor weighs in favor of preliminary approval.

(3)     The Terms of Any Proposed Award of Attorneys' Fees

The Settlement Agreement provides for an attorney's fee award of up to 35% of the Gross Fund Value, or approximately $700,000. Detailed billing records have been submitted in connection with the Motion. Those records as well as information as to litigation costs are analyzed in greater detail below.

Although the request for attorney's fees is significantly higher than the 25% benchmark used in the Ninth Circuit, *Staton*, 327 F.3d at 968 (quoting *Hanlon*, 150 F.3d at 1026), the proposed award of attorney's fees is not so unreasonable that it weighs against preliminary approval.

(4)     Any Other Agreements Made in Connection with the Proposed Settlement

The parties have not identified any other agreements apart from the Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(3). Therefore, this factor weighs in favor of preliminary approval.

d)     Whether the Proposal Treats Class Members Equitably Relative to Each Other

Under the Settlement Agreement, the award for each Class Member and Closing Shift Class Member would be calculated on a *pro rata* basis, based on the number of qualifying workweeks performed. This proportional method is sufficiently equitable to support class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|----------|--------------------------|------|------------------|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

Similarly, allocating 90% of the NSA to payments to Class Members, and 10% of the NSA to payments to the FLSA Collective, is in proportion to the estimated, discounted value of the claims. Therefore, the Settlement Agreement also treats class members reasonably equitably in this regard.

        e)    *Bona Fide* Dispute Requirement for FLSA Claims

As explained above, Plaintiffs and Plaintiffs' counsel -- in the course of settlement negotiations -- discounted the maximum potential value of the claims. This was due to the defenses raised as well as corresponding risks associated with ongoing litigation on the merits. Therefore, the *bona fide* dispute requirement is met for the purposes of the FLSA claims.

*    *    *

For the foregoing reasons, the relief provided is potentially fair and reasonable when viewed collectively, and there is a *bona fide* dispute that justifies settlement of the FLSA claims. Therefore, the request for preliminary approval of the class action settlement is **GRANTED**.

        D.    Fee and Cost Award

        1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id.* "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and so-called "percentage method" to calculate fees in a class action. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g.*, *Staton*, 327 F.3d at 973. Here, the parties urge the Court to adopt a percentage method with a lodestar cross-check.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). However, many awards that deviate from the benchmark are approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created.").

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

2.  Percentage Approach

The parties request preliminary approval of an attorney's fee award of $700,000, or 35% of the $7 million settlement fund. Approximately $30,000 of this sum is for litigation costs, and the remaining $670,000 would reflect an award of approximately 33.5% of the settlement fund. This is substantially greater than the 25% "benchmark award" applied by the Ninth Circuit.

Plaintiffs' counsel contend that an increase of the 25% benchmark is warranted by the level of success obtained, and the time and effort spent by counsel. Dkt. 52 at 26. The Class covers a period of more than five years and approximately 2000 employees. Numerous claims were advanced in which there were allegations of a broad range of wage-and-hour violations. Taking these factors into account as well as the range of settlements achieved in similar actions, a gross settlement of $2 million is not an exceptional outcome. Indeed, it reflects that the probability of success on all or most of the claims was limited. Therefore, any deviation from the 25% benchmark must be justified by some other factor.

3.  Lodestar Cross-Check

Two different law firms seek reimbursement in connection with this matter: Lawyers for Justice, PC ("Lawyers for Justice") and Blumenthal Nordrehaug Bhowmik de Blouw LLP ("Blumenthal"). LFJ represented Gant in this action, and Blumenthal represented Lacey-Salas in the *Lacey-Salas* action, and has continued to represent Plaintiffs in the consolidated action.

Over the course of this litigation, many attorneys worked on this matter. The hourly rates for these attorneys are assessed on a firm-by-firm basis.

Lawyers for Justice seeks a fee award for work performed by 13 attorneys:

- Edwin Aiwazian states an hourly rate of $975, and was admitted to the California Bar in 2004.
- Arby Aiwazian states an hourly rate of $850, and was admitted to the California Bar in 2010.
- Joanna Ghosh states an hourly rate of $800, and was admitted to the California Bar in 2010 and the New York Bar in 2013.
- Jeffrey D. Klein states an hourly rate of $675, and was admitted to the California Bar in 2014.
- Elizabeth Parker-Fawley states an hourly rate of $675, and was admitted to the California Bar in 2014.
- Stephanie S. Ponek states an hourly rate of $675, and was admitted to the California Bar in 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

- Stephen Hoffman states an hourly rate of $600, and was admitted to the California Bar in 2012 and the Arizona Bar in 2017.
- Tiffany Hyun states an hourly rate of $600, and was admitted to the California Bar in 2016.
- Benjamin Haber states an hourly rate of $550, and was admitted to the California Bar in 2017.
- Melissa A. Huether states an hourly rate of $500, and was admitted to the California Bar in 2017.
- Shahin Mehvary states an hourly rate of $500, and was admitted to the California Bar in 2018.
- Alik S. Ourfalian states an hourly rate of $500, and was admitted to the California Bar in 2018.
- Tara Zabehi states an hourly rate of $550, and was admitted to the California Bar in 2018.

Blumenthal seeks a fee award for seven attorneys, a paralegal and a law clerk:

- Norman Blumenthal states an hourly rate of $795, and was admitted to the Illinois Bar in 1973 and the California Bar in 1976.
- Kyle Nordrehaug states an hourly rate of $750, and was admitted to the California Bar in 1999.
- AJ Bhowmik states an hourly rate of $695, and was admitted to the California Bar in 2006.
- Nick De Blouw states an hourly rate of $575, and was admitted to the California Bar in 2011.
- Jeffrey Herman states an hourly rate of $475, and was admitted to the California Bar in 2011.
- Rico Ehmann states an hourly rate of $475, and was admitted to the Nevada Bar in 2017 and the California Bar in 2018.
- Victoria Rivapalacio states an hourly rate of $475, and was admitted to the California Bar in 2011.
- Heather Drosi states an hourly rate of $250. Drosi is a paralegal.
- Jackland Hom states an hourly rate of $295. Hom is a law clerk.

As required by the Standing Order, Plaintiffs' counsel have provided summary tables of the hours worked on this matter. These summary tables are reproduced here:

| ATTORNEY | YEAR ADMITTED | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| **Lawyers for Justice, PC** | | | | |
| Edwin Aiwazian | 2004 | 247.15 | $975.00 | $240,971.25 |
| Arby Aiwazian | 2010 | 124.50 | $850.00 | $105,825.00 |
| Joanna Ghosh | 2010 (CA); 2013 (NY) | 3.00 | $800.00 | $2,400.00 |
| Stephanie S. Ponek | 2015 | 71.10 | $675.00 | $47,992.50 |
| Elizabeth Parker-Fawley | 2014 | 4.75 | $675.00 | $3,206.25 |
| Jeffrey D. Klein | 2014 | 18.25 | $675.00 | $12,318.75 |
| Stephen Hoffman | 2012 (CA); 2017 (AZ) | 13.25 | $600.00 | $7,950.00 |
| Tiffany Hyun | 2016 | 36.75 | $600.00 | $22,050.00 |
| Tara Zabehi | 2017 | 168.25 | $550.00 | $92,537.50 |
| Benjamin Haber | 2017 | 12.25 | $550.00 | $6,737.50 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| | | | | |
|---|---|---|---|---|
| Melissa A. Huether | 2017 | 15.50 | $500.00 | $7,750.00 |
| Alik Ourfalian | 2018 | 88.25 | $500.00 | $44,125.00 |
| Shahin Mehvary | 2018 | 23.00 | $500.00 | $11,500.00 |
| **TOTAL:** | | 826.00 | | $605,363.75 |

| ATTORNEY | YEAR ADMITTED | HOURS | HOURLY RATE | TOTAL |
|---|---|---|---|---|
| **Blumenthal, Nordrehaug & Bhowmik** | | | | |
| Norman Blumenthal | 1973 (Il), 1976 (Ca) | 21 | $795.00 | $16,695.00 |
| Kyle Nordrehaug | 1999 | 21.75 | $750.00 | $16,312.50 |
| AJ Bhowmik | 2006 | 19.5 | $695.00 | $13,552.50 |
| Nick De Blouw | 2011 | 43.6 | $575.00 | $25,070.00 |
| Jeffrey Herman | 2011 | 60.4 | $475.00 | $28,690.00 |
| Rico Ehmann | 2007 (Nev), 2018 (Ca) | 17.7 | $475.00 | $8,407.50 |
| Victoria Rivapalacio | 2011 | 0.9 | $475.00 | $427.50 |
| Heather Drosi | Paralegal | 6.3 | $250.00 | $1,575.00 |
| Jackland Hom | Law Clerk | 1.4 | $295.00 | $413.00 |
| **TOTAL:** | | 192.55 | | $111,143.00 |

| **Task 1:** Client Intakes/Client Communications/Class Member Communications | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 28.25 | $27,543.75 |
| Arby Aiwazian | $850.00 | 23.75 | $20,187.50 |
| Elizabeth Parker-Fawley | $675.00 | 1.75 | $1,181.25 |
| Stephanie S. Ponek | $675.00 | 1.25 | $843.75 |
| Tiffany Hyun | $600.00 | 5.25 | $3,150.00 |
| Tara Zabehi | $550.00 | 16.50 | $9,075.00 |
| Shahin Mehvary | $500.00 | 2.25 | $1,125.00 |
| Nick De Blouw | $575.00 | 16.80 | $9,660.00 |
| Rico Ehmann | $475.00 | 3.65 | $1,733.75 |
| Jackland Hom | $295.00 | 0.40 | $118.00 |
| **Fee Request for Task 1:** | | **99.85** | **$74,618.00** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| **Task 2**: Investigation and Research / Due Diligence | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 77.50 | $75,562.50 |
| Arby Aiwazian | $850.00 | 88.25 | $75,012.50 |
| Elizabeth Parker-Fawley | $675.00 | 3.00 | $2,025.00 |
| Tara Zabehi | $550.00 | 7.50 | $4,125.00 |
| Norman Blumenthal | $795.00 | 6.25 | $4,968.75 |
| Nick De Blouw | $575.00 | 9.50 | $5,462.50 |
| AJ Bhowmik | $695.00 | 5.50 | $3,822.50 |
| Jeff Herman | $475.00 | 10.60 | $5,035.00 |
| Rico Ehmann | $475.00 | 0.40 | $190.00 |
| **Fee Request for Task 2:** | | **208.50** | **$176,203.75** |

| **Task 3**: Pleadings and Court Filings | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 17.25 | $16,818.75 |
| Stehpanie S. Ponek | $675.00 | 3.75 | $2,531.25 |
| Tara Zabehi | $550.00 | 32.00 | $17,600.00 |
| Shahin Mehvary | $500.00 | 2.00 | $1,000.00 |
| AJ Bhowmik | $695.00 | 3.50 | $2,432.50 |
| Nick De Blouw | $575.00 | 9.00 | $5,175.00 |
| Jeff Herman | $475.00 | 22.10 | $10,497.50 |
| Rico Ehmann | $475.00 | 8.95 | $4,251.25 |
| Victoria Rivapalacio | $473.00 | 0.40 | $189.20 |
| Heather Drosi | $250.00 | 2.20 | $550.00 |
| **Fee Request for Task 3:** | | **101.15** | **$61,045.45** |

| **Task 4**: Initial Disclosures, Written Discovery, & Review Documents Produced | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 20.75 | $20,231.25 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| | | | |
|---|---|---|---|
| Arby Aiwazian | $850.00 | 6.25 | $5,312.50 |
| Stephanie S. Ponek | $675.00 | 7.50 | $5,062.50 |
| Tara Zabehi | $550.00 | 3.75 | $2,062.50 |
| Shahin Mehvary | $500.00 | 2.00 | $1,000.00 |
| Alik Ourfalian | $500.00 | 45.75 | $22,875.00 |
| Jeff Herman | $475.00 | 5.30 | $2,517.50 |
| Heather Drosi | $250.00 | 2.60 | $650.00 |
| **Fee Request for Task 4:** | | **93.90** | **$59,711.25** |

| Task 5: Deposition Notices and Depositions | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Benjamin Haber | $550.00 | 12.25 | $6,737.50 |
| Tara Zabehi | $550.00 | 28.75 | $15,812.50 |
| Shahin Mehvary | $500.00 | 9.25 | $4,625.00 |
| Alik Ourfalian | $500.00 | 42.50 | $21,250.00 |
| **Fee Request for Task 5:** | | **92.75** | **$48,425.00** |

| Task 6: Prepare and Attend Mediation, Including Reviewing Documents Produced Prior to Mediation and Damage Models | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 18.50 | $18,037.50 |
| Stephanie S. Ponek | $675.00 | 4.25 | $2,868.75 |
| Stephen Hoffman | $600.00 | 13.25 | $7,950.00 |
| Tiffany Hyun | $600.00 | 25.50 | $15,300.00 |
| Tara Zabehi | $550.00 | 4.50 | $2,475.00 |
| Norman Blumenthal | $795.00 | 7.25 | $5,763.75 |
| AJ Bhowmik | $695.00 | 5.00 | $3,475.00 |
| Kyle Nordrehaug | $750.00 | 0.50 | $375.00 |
| Nick De Blouw | $575.00 | 3.50 | $2,012.50 |
| Jeff Herman | $475.00 | 1.30 | $617.50 |
| Victoria Rivapalacio | $475.00 | 0.50 | $237.50 |
| **Fee Request for Task 6:** | | **84.05** | **$59,112.50** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

| **Task 7**: Settlement Agreement and Class Notice Negotiations | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 5.00 | $4,875.00 |
| Joanna Ghosh | $800.00 | 3.00 | $2,400.00 |
| Stephanie S. Ponek | $675.00 | 17.50 | $11,812.50 |
| Norman Blumenthal | $795.00 | 7.50 | $5,962.50 |
| Kyle Nordrehaug | $750.00 | 14.35 | $10,762.50 |
| AJ Bhowmik | $695.00 | 5.50 | $3,822.50 |
| Nick De Blouw | $575.00 | 1.50 | $862.50 |
| Jeff Herman | $474.00 | 6.90 | $3,270.60 |
| **Fee Request for Task 7:** | | **61.25** | **$19,087.50** |

| **Task 8**: Motion for Preliminary Approval and Future Hearing | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 5.00 | $4,875.00 |
| Stephanie S. Ponek | $675.00 | 16.75 | $11,306.25 |
| Melissa A. Huether | $500.00 | 15.50 | $7,750.00 |
| Kyle Nordrehaug | $750.00 | 6.60 | $4,950.00 |
| Jeff Herman | $475.00 | 1.40 | $665.00 |
| Rico Ehmann | $475.00 | 3.40 | $1,615.00 |
| Kyle Nordrehaug (Future) | $750.00 | 8.00 | $6,000.00 |
| **Fee Request for Task 8:** | | **56.65** | **$23,931.25** |

| **Task 9**: Settlement Administration | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 20.00 | $19,500.00 |
| Kyle Nordrehaug (Future) | $750.00 | 2.00 | $1,500.00 |
| **Fee Request for Task 9:** | | **22.00** | **$21,000.00** |

| **Task 10**: Motion for Final Approval & Future Hearing |
|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| Attorney | Hourly Rate | Hours | Fee |
|---|---|---|---|
| Edwin Aiwazian | $975.00 | 24.50 | $23,887.50 |
| Arby Aiwazian | $850.00 | 5.00 | $4,250.00 |
| Stephanie S. Ponek | $675.00 | 15.00 | $10,125.00 |
| Norman Blumenthal (Future) | $795.00 | 4.00 | $3,180.00 |
| Kyle Nordrehaug (Future) | $750.00 | 10.00 | $7,500.00 |
| **Fee Request for Task 10:** | | **58.50** | **$48,942.50** |

| **Task 11: Letters and Correspondence to Defense Counsel and Co-Counsel** | | | |
|---|---|---|---|
| Attorney | Hourly Rate | Hours | Fee |
| Edwin Aiwazian | $975.00 | 8.50 | $8,287.50 |
| Arby Aiwazian | $850.00 | 1.25 | $1,062.50 |
| Stephanie S. Ponek | $675.00 | 5.00 | $3,375.00 |
| Jeffrey D. Klein | $675.00 | 5.25 | $3,543.75 |
| Tiffany Hyun | $600.00 | 6.00 | $3,600.00 |
| Tara Zabehi | $550.00 | 16.25 | $8,937.50 |
| Kyle Nordrehaug | $750.00 | 0.30 | $225.00 |
| Nick De Blouw | $575.00 | 3.30 | $1,897.50 |
| Jeff Herman | $475.00 | 3.90 | $1,852.50 |
| Rico Ehmann | $475.00 | 0.30 | $142.50 |
| **Fee Request for Task 11:** | | **50.05** | **$32,923.75** |

| **Task 12: Case Management, Including Reviewing Court Orders and Documents Filed** | | | |
|---|---|---|---|
| Attorney | Hourly Rate | Hours | Fee |
| Edwin Aiwazian | $975.00 | 8.15 | $7,946.25 |
| Stephanie S. Ponek | $675.00 | 0.10 | $67.50 |
| Tara Zabehi | $550.00 | 1.00 | $550.00 |
| Jeff Herman | $475.00 | 8.90 | $4,227.50 |
| Rico Ehmann | $475.00 | 1.00 | $475.00 |
| Heather Drosi | $250.00 | 1.50 | $375.00 |
| Jackland Hom | $295.00 | 1.00 | $295.00 |
| **Fee Request for Task 12:** | | **21.65** | **$13,936.25** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| **Task 13: Motion to Remand** | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 8.50 | $8,287.50 |
| Jeffrey D. Klein | $675.00 | 13.00 | $8,775.00 |
| Tara Zabehi | $550.00 | 33.50 | $18,425.00 |
| **Fee Request for Task 13:** | | **55.00** | **$35,487.50** |

| **Task 14: Motion to Consolidate** | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 0.75 | $731.25 |
| Tara Zabehi | $550.00 | 9.00 | $4,950.00 |
| **Fee Request for Task 14:** | | **9.75** | **$5,681.25** |

| **Task 15: Motion to Strike, Including Reviewing Defendants' Answer** | | | |
|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours** | **Fee** |
| Edwin Aiwazian | $975.00 | 4.50 | $4,387.50 |
| Tara Zabehi | $550.00 | 15.50 | $8,525.00 |
| Shahin Mehvary | $500.00 | 7.50 | $3,750.00 |
| **Fee Request for Task 15:** | | **27.50** | **$16,662.50** |

A review of the lodestar calculation with respect to both certain hourly fees, as well as hours spent collectively on certain tasks, shows that, for purposes of the preliminary approval analysis, the proposed lodestar is unwarranted. *First*, the hourly rates submitted by Lawyers for Justice are higher than what is reasonable. Based on the evidence submitted, including the variations in the hourly rates of the two law firms, the observations of the Court in connection with the issues presented in this matter, and its experience with the similar matters as well as with hourly rates applied in cases litigated in this District, and the experience of the lawyers involved, the following hourly rates are adopted for the present analysis:

| ATTORNEY | YEAR ADMITTED | PROPOSED HOURLY RATE | APPROVED HOURLY RATE |
|---|---|---|---|
| Edwin Aiwazian | 2004 | $975.00 | $795.00 |
| Arby Aiwazian | 2010 | $850.00 | $700.00 |
| Joanna Ghosh | 2010 (CA); 2013 (NY) | $800.00 | $600.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

| | | | |
|---|---|---|---|
| Stephanie S. Ponek | 2015 | $675.00 | $500.00 |
| Elizabeth Parker-Fawley | 2014 | $675.00 | $500.00 |
| Jeffrey D. Klein | 2014 | $675.00 | $500.00 |
| Stephen Hoffman | 2012 (CA); 2017 (AZ) | $600.00 | $500.00 |
| Tiffany Hyun | 2016 | $600.00 | $450.00 |
| Tara Zabehi | 2017 | $550.00 | $450.00 |
| Benjamin Haber | 2017 | $550.00 | $425.00 |
| Melissa A. Huether | 2017 | $500.00 | $425.00 |
| Alik Ourfalian | 2018 | $500.00 | $500.00 |
| Shahin Mehvary | 2018 | $500.00 | $400.00 |

| ATTORNEY | YEAR ADMITTED | PROPOSED HOURLY RATE | APPROVED HOURLY RATE |
|---|---|---|---|
| **Blumenthal, Nordrehaug & Bhowmik** | | | |
| Norman Blumenthal | 1973 (IL), 1976 (CA) | $795.00 | $795.00 |
| Kyle Nordrehaug | 1999 | $750.00 | $750.00 |
| AJ Bhowmik | 2006 | $695.00 | $695.00 |
| Nick De Blouw | 2011 | $575.00 | $575.00 |
| Jeffrey Herman | 2011 | $475.00 | $475.00 |
| Rico Ehmann | 2007 (NV), 2018 (CA) | $475.00 | $475.00 |
| Victoria Rivapalacio | 2011 | $475.00 | $475.00 |
| Heather Drosi | Paralegal | $250.00 | $250.00 |
| Jackland Hom | Law Clerk | $295.00 | $295.00 |

*Second*, a review of the work performed by task, and the number of attorneys who worked on each of them, as well as the hours that each worked, shows certain inefficiencies. To have had so many lawyers working on single tasks and communicating with one another about them, is not consistent with an efficient approach. In light of that analysis, the following adjustments are made:

| **Task 1**: Client Intakes/Client Communications/Class Member Communications | | | | |
|---|---|---|---|---|
| Attorney | Hourly Rate | Proposed Hours | Approved Hours | Fee |
| Edwin Aiwazian | $795 | 28.25 | 28.25 | $22,458.75 |
| Arby Aiwazian | $700.00 | 23.75 | 23.75 | $16,625.00 |
| Elizabeth Parker-Fawley | $500 | 1.75 | 0 | 0 |
| Stephanie S. Ponek | $500 | 1.25 | 0 | 0 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| | | | | |
|---|---|---|---|---|
| Tiffany Hyun | $450.00 | 5.25 | 5.25 | $2,362.50 |
| Tara Zabehi | $450.00 | 16.50 | 16.50 | $7,425.00 |
| Shahin Mehvary | $400.00 | 2.25 | 0 | 0 |
| Nick De Blouw | $575.00 | 16.80 | 16.80 | $9,660.00 |
| Rico Ehmann | $475.00 | 3.65 | 3.65 | $1,733.75 |
| Jackland Hom | $295.00 | 0.40 | 0.4 | $118.00 |
| **Adjusted Lodestar for Task 1:** | | **99.85** | **94.60** | **$60,383.00** |

| **Task 2: Investigation and Research / Due Diligence** | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 77.50 | 77.50 | $61,612.50 |
| Arby Aiwazian | $700.00 | 88.25 | 88.25 | $61,775.00 |
| Elizabeth Parker-Fawley | $500.00 | 3.00 | 0 | 0 |
| Tara Zabehi | $450.00 | 7.50 | 7.50 | $3,375.00 |
| Norman Blumenthal | $795.00 | 6.25 | 6.25 | $4,968.75 |
| Nick De Blouw | $575.00 | 9.50 | 9.50 | $5,462.50 |
| AJ Bhowmik | $695.00 | 5.50 | 5.50 | $3,822.50 |
| Jeff Herman | $475.00 | 10.60 | 10.60 | $5,035.00 |
| Rico Ehmann | $475.00 | 0.40 | 0.40 | $0 |
| **Adjusted Lodestar for Task 2:** | | **208.50** | **205.10** | **$146,051.25** |

| **Task 3: Pleadings and Court Filings** | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 17.25 | 17.25 | $13,713.75 |
| Stephanie S. Ponek | $500.00 | 3.75 | 0 | 0 |
| Tara Zabehi | $550.00 | 32.00 | 32.00 | $14,400,00 |
| Shahin Mehvary | $500.00 | 2.00 | 0 | 0 |
| AJ Bhowmik | $695.00 | 3.50 | 0 | 0 |
| Nick De Blouw | $575.00 | 9.00 | 9.00 | $5,175.00 |
| Jeff Herman | $475.00 | 22.10 | 22.10 | $10,497.50 |
| Rico Ehmann | $475.00 | 8.95 | 8.95 | $4,251.25 |
| Victoria Rivapalacio | $473.00 | 0.40 | 0 | 0 |
| Heather Drosi | $250.00 | 2.20 | 2.20 | $550.00 |
| **Adjusted Lodestar for Task 3:** | | **101.15** | **95.25** | **$48,587.50** |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| Task 4: Initial Disclosures, Written Discovery, & Review Documents Produced | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 20.75 | 20.75 | $16,496.25 |
| Arby Aiwazian | $700.00 | 6.25 | 6.25 | $4,375.00 |
| Stephanie S. Ponek | $500.00 | 7.50 | 7.50 | $3,750.00 |
| Tara Zabehi | $450.00 | 3.75 | 0 | 0 |
| Shahin Mehvary | $400.00 | 2.00 | 0 | 0 |
| Alik Ourfalian | $400.00 | 45.75 | 45.75 | $18,300.00 |
| Jeff Herman | $475.00 | 5.30 | 5.30 | $2,517.50 |
| Heather Drosi | $250.00 | 2.60 | 2.60 | $650.00 |
| **Adjusted Lodestar for Task 4:** | | **93.90** | **88.15** | **$46,088.75** |

| Task 5: Deposition Notices and Depositions | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Benjamin Haber | $425.00 | 12.25 | 12.25 | $5,206.25 |
| Tara Zabehi | $450.00 | 28.75 | 28.75 | $12,937.50 |
| Shahin Mehvary | $400.00 | 9.25 | 9.25 | $3,700.00 |
| Alik Ourfalian | $400.00 | 42.50 | 42.50 | $17,000.00 |
| **Adjusted Lodestar for Task 5:** | | **92.75** | **92.75** | **$38,843.75** |

| Task 6: Prepare and Attend Mediation, Including Reviewing Documents Produced Prior to Mediation and Damage Models | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 18.50 | 18.50 | $14,707.50 |
| Stephanie S. Ponek | $500.00 | 4.25 | 4.25 | $2,125.00 |
| Stephen Hoffman | $500.00 | 13.25 | 13.25 | $6,625.00 |
| Tiffany Hyun | $450.00 | 25.50 | 25.50 | $11,475.00 |
| Tara Zabehi | $450.00 | 4.50 | 4.50 | $2,025.00 |
| Norman Blumenthal | $795.00 | 7.25 | 7.25 | $5,763.75 |
| AJ Bhowmik | $695.00 | 5.00 | 5.00 | $3,475.00 |
| Kyle Nordrehaug | $750.00 | 0.50 | 0 | 0 |
| Nick De Blouw | $575.00 | 3.50 | 0 | 0 |
| Jeff Herman | $475.00 | 1.30 | 0 | 0 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

| | | | | |
|---|---|---|---|---|
| Victoria Rivapalacio | $475.00 | 0.50 | 0 | 0 |
| **Adjusted Lodestar for Task 6:** | | **84.05** | **78.25** | **$46,196.25** |

| Task 7: Settlement Agreement and Class Notice Negotiations | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 5.00 | 5.00 | $3,975.00 |
| Joanna Ghosh | $600.00 | 3.00 | 0 | 0 |
| Stephanie S. Ponek | $500.00 | 17.50 | 17.50 | $8,750.00 |
| Norman Blumenthal | $795.00 | 7.50 | 7.50 | $5,962.50 |
| Kyle Nordrehaug | $750.00 | 14.35 | 14.35 | $10,762.50 |
| AJ Bhowmik | $695.00 | 5.50 | 0 | 0 |
| Nick De Blouw | $575.00 | 1.50 | 0 | 0 |
| Jeff Herman | $475.00 | 6.90 | 6.90 | $3,277.50 |
| **Adjusted Lodestar for Task 7:** | | **61.25** | **51.25** | **$32,727.50** |

| Task 8: Motion for Preliminary Approval and Future Hearing | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 5.00 | 5.00 | $3,975.00 |
| Stephanie S. Ponek | $500.00 | 16.75 | 16.75 | $8,375.00 |
| Melissa A. Huether | $425.00 | 15.50 | 15.50 | $6,587.50 |
| Kyle Nordrehaug | $750.00 | 6.60 | 6.60 | $4,950.00 |
| Jeff Herman | $475.00 | 1.40 | 0 | 0 |
| Rico Ehmann | $475.00 | 3.40 | 3.40 | $1,615.00 |
| Kyle Nordrehaug (Future) | $750.00 | 8.00 | 8.00 | $6,000.00 |
| **Adjusted Lodestar for Task 8:** | | **56.65** | **55.25** | **$31,502.50** |

| Task 9: Settlement Administration | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 20.00 | 20.00 | $15,900.00 |
| Kyle Nordrehaug (Future) | $750.00 | 2.00 | 2.00 | $1,500.00 |
| **Adjusted Lodestar for Task 9:** | | **22.00** | **22.00** | **$17,400.00** |

| Task 10: Motion for Final Approval & Future Hearing | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 24.50 | 24.50 | $19,477.50 |
| Arby Aiwazian | $700.00 | 5.00 | 5.00 | $3,500.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

| | | | | |
|---|---|---|---|---|
| Stephanie S. Ponek | $500.00 | 15.00 | 15.00 | $7,500.00 |
| Norman Blumenthal (Future) | $795.00 | 4.00 | 4.00 | $3,180.00 |
| Kyle Nordrehaug (Future) | $750.00 | 10.00 | 10.00 | $7,500.00 |
| **Adjusted Lodestar for Task 10:** | | **58.50** | **58.50** | **$41,157.50** |

| Task 11: Letters and Correspondence to Defense Counsel and Co-Counsel | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 8.50 | 8.50 | $6,757.50 |
| Arby Aiwazian | $700.00 | 1.25 | 0 | 0 |
| Stephanie S. Ponek | $500.00 | 5.00 | 5.00 | $2,500.00 |
| Jeffrey D. Klein | $500.00 | 5.25 | 5.25 | $2,625.00 |
| Tiffany Hyun | $450.00 | 6.00 | 6.00 | $2,700.00 |
| Tara Zabehi | $450.00 | 16.25 | 16.25 | $7,312.50 |
| Kyle Nordrehaug | $750.00 | 0.30 | 0 | 0 |
| Nick De Blouw | $575.00 | 3.30 | 3.30 | $1,897.50 |
| Jeff Herman | $475.00 | 3.90 | 3.90 | $1,852.50 |
| Rico Ehmann | $475.00 | 0.30 | 0 | 0 |
| **Adjusted Lodestar for Task 11:** | | **50.05** | **48.20** | **$25,645.00** |

| Task 12: Case Management, Including Reviewing Court Orders and Documents Filed | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 8.15 | 8.15 | $6,479.25 |
| Stephanie S. Ponek | $500.00 | 0.10 | 0 | 0 |
| Tara Zabehi | $450.00 | 0 | 0 | 0 |
| Jeff Herman | $475.00 | 8.90 | 8.90 | $4,227.50 |
| Rico Ehmann | $475.00 | 1.00 | 0 | 0 |
| Heather Drosi | $250.00 | 1.50 | 1.50 | $375.00 |
| Jackland Hom | $295.00 | 1.00 | 1.00 | $295.00 |
| **Adjusted Lodestar for Task 12:** | | **21.65** | **19.55** | **$11,376.75** |

| Task 13: Motion to Remand | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 8.50 | 8.50 | $6,757.50 |
| Jeffrey D. Klein | $500.00 | 13.00 | 13.00 | $6,500.00 |
| Tara Zabehi | $450.00 | 33.50 | 33.50 | $15,075.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

| | | | |
|---|---|---|---|
| **Adjusted Lodestar for Task 13:** | **55.00** | 55.00 | **$28,332.50** |

| Task 14: Motion to Consolidate | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 0.75 | 0.75 | $596.25 |
| Tara Zabehi | $450.00 | 9.00 | 9.00 | $4050.00 |
| **Adjusted Lodestar for Task 14:** | | **9.75** | **9.75** | **$4,646.25** |

| Task 15: Motion to Strike, Including Reviewing Defendants' Answer | | | | |
|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Proposed Hours** | **Approved Hours** | **Fee** |
| Edwin Aiwazian | $795.00 | 4.50 | 4.50 | $4,387.50 |
| Tara Zabehi | $450.00 | 15.50 | 15.50 | $8,525.00 |
| Shahin Mehvary | $400.00 | 7.50 | 7.50 | $3,750.00 |
| **Adjusted Lodestar for Task 15:** | | **27.50** | **27.50** | **$13,552.50** |

As shown in these tables, the reduction in certain hourly rates and the number hours worked on certain tasks, results in the following recalculation of the lodestar amount:

| Task | Lawyers for Justice, P.C. Fees | Blumenthal Nordrehaug Bhowmik De Blouw LLP Fees | Total Fee |
|---|---|---|---|
| 1 | $48,871.25 | $11,511.75 | $60,383.00 |
| 2 | $126,762.50 | $19,288.75 | $146,051.25 |
| 3 | $28,113.75 | $20,473.75 | $48,587.50 |
| 4 | $24,621.25 | $21,467.50 | $46,088.75 |
| 5 | $38,843.75 | $0 | $38,843.75 |
| 6 | $36,957.50 | $9,238.75 | $46,196.25 |
| 7 | $12,725.00 | $20,002.50 | $32,727.50 |
| 8 | $18,937.50 | $12,565.00 | $31,502.50 |
| 9 | $15,900.00 | $1,500.00 | $17,400.00 |
| 10 | $30,477.50 | $10,680.00 | $41,157.50 |
| 11 | $21,895.00 | $3,750.00 | $25,645.00 |
| 12 | $6,479.25 | $4,897.50 | $11,376.75 |
| 13 | $28,332.50 | $0 | $28,332.50 |
| 14 | $4,646.25 | $0 | $4,646.25 |
| 15 | $13,552.50 | $0 | $13,552.50 |
| *Total* | $457,115.50 | $135,375.50 | **$592,491.00** |

For purposes of preliminary approval, a total fee award of $600,000, with $450,000 allocated to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

Lawyers for Justice, P.C., and $150,000 to Blumenthal Nordrehaug Bhowmik De Blouw LLP, is appropriate. This is a modest, upward adjustment of the recalculated lodestar figure. It is 30% of the settlement fund, which is greater than the 25% benchmark. It reflects the results attained as well as the risks taken by counsel. The proposed cost award of $29,470.14, is accepted for purposes of preliminary approval. That is the total of the amount for which evidence has been presented.[2]

These determinations as to costs and attorney's fees will be subject to de novo review in connection with the subsequent motion for final approval. That review will take into account the response of members of the Class, as well as any supplemental evidence that is presented to support a greater award; provided, however, the review of such evidence will also take into account whether the Class may have another opportunity to consider, and potentially object to any such increases.

    E.    Incentive Award

        1.    <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

    1) The risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

        2.    <u>Application</u>

The Settlement Agreement anticipates incentive awards of $10,000 to Gant and Lacey-Salas. A declaration by each has been submitted in support of these requests. Gant states that she initiated contact with LFJ, and then spent several hours conducting research into law firms and employment law. Dkt. 52-3 ¶ 2. Gant states that she spent extensive time meeting with counsel, gathering documents, answering questions, identifying potential witnesses, attending her deposition, and reviewing the settlement. *Id.* ¶ 2-6. Gant was not employed by Defendants during the pendency of this action. *Id.* ¶ 2. Gant's statements reflect that she spent at least about 63 hours on this action, which would result in an effective hourly rate of approximately $160 if the $10,000 award were approved. *Id.*

Lacey-Salas states that she spent time conferring with her attorneys, discussing Defendants' procedures, providing documents, and answering their questions. Dkt. 52-4 ¶ 4. She was not employed by Defendants during the pendency of this action. *Id.* ¶ 2. She states that she spent time reviewing

---

[2] At the hearing, counsel stated that their estimated costs were between $40,000 and $50,000. Lawyers for Justice has not yet submitted evidence about the costs it incurred on behalf of Plaintiffs. Blumenthal has submitted evidence showing that it advanced about $29,470.14 in costs. These costs were for filing fees, messenger fees, LexisNexis fees, mediation fees, mailing/postage fees, and travel costs. Dkt. 52-2 at 55-56. These expenses are reasonable and customary of what is ordinarily incurred in litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | | Date | January 26, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | | |

pleadings before they were filed, and that she viewed the action as creating certain risks for future employment. *Id.* ¶¶ 4, 6. Lacey-Salas estimates that she has spent between 40 and 50 hours in her role as a class representative, which would result in an effective hourly rate of between $200 to $250. *Id.* ¶ 9.

The proposed incentive awards are on the high range of what is usually awarded in wage-and-hour class actions. Neither named Plaintiff was employed by the Defendants during this litigation. Therefore, the incentive awards for Gant and Lacey-Salas are reduced to $5000 each. This would result in effective hourly rates in the range between $80 and $125.

F.   Appointment of Settlement Administrator

The parties request the appointment of Simpluris as the settlement administrator. The parties seek preliminary approval of an allocation of up to $25,000 from the settlement fund to Simpluris.

Simpluris has experience in this field. Nor is the estimated cost of $25,000 unreasonable in light of the size of the Class and FLSA Collective, the complexity of the tasks required of the Settlement Administrator and the Court's familiarity with amounts charged in similar matters. Therefore, the Motion is **GRANTED** as to the request for approval of Simpluris as the settlement administrator, and for the preliminary approval of costs of up to $25,000 for its services.

G.   Proposed Notice

1.   Legal Standards

Rule 23(e) requires that a court "direct notice in a reasonable manner to all class members who would be bound by" a proposed class settlement. Fed. R. Civ. P. 23(e). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

2.   Application

The Proposed Notice contains information necessary for Class Members to evaluate and understand the Settlement Agreement. The Proposed Notice is presented in a clear manner. Therefore, the Proposed Notice is **APPROVED**, subject to changes that reflect the approved attorney's fee award and incentive awards described elsewhere in this Order.

**IV.   Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**, subject to the adjustment of attorney's fees and costs stated in this Order. On or before February 5, 2021, the parties shall file a joint report that states -- in light of the potential difficulties to settlement administration posed by the COVID-19 pandemic -- when they would be ready for a hearing on final approval of the settlement agreement.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLAx) | Date | January 26, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. Aldi, Inc., et al. | | |

Initials of Preparer     tj