1  Edwin Aiwazian (Cal. State Bar No. 232943)
   *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
   *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
   *joanna@calljustice.com*
4  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
5  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
6
   *Attorneys for* Plaintiff Jeree Gant, the Class, and FLSA Members
7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | JEREE GANT, individually, and on behalf of other members of the general public similarly situated, | Lead Case No.: 2:19-cv-03109-JAK-PLA
12 | | *Consolidated Case No.*: 2:19-cv-06741-JAK-PLA
          Plaintiff,
13
              vs.                                    Honorable John A. Kronstadt
14                                                   Courtroom 10B
   ALDI, INC., a California corporation;
15 AI CALIFORNIA LLC, an unknown         **CLASS ACTION**
   business entity; and DOES 1 through
16 100, inclusive,                       **PLAINTIFFS' MOTION FOR FINAL
                                         APPROVAL OF CLASS AND
17          Defendants.                  COLLECTIVE ACTION
                                         SETTLEMENT; MEMORANDUM OF
18 _____  POINTS AND AUTHORITIES**

   JENNIFER LACEY-SALAS, an
19 individual, on behalf of herself and on  [Notice of Motion for Final Approval of
   behalf of all persons similarly situated, Class and Collective Action Settlement;
20                                          Declaration of Settlement Administrator
          Plaintiff,                        (Lindsay Kline); and [Proposed] Order
21                                          and Judgment filed concurrently
              vs.                           herewith]
22
   ALDI, INC., a California corporation;
23 AI CALIFORNIA LLC, a Limited         Date:          July 19, 2021
   Liability Company; and DOES 1        Time:          8:30 a.m.
24 through 50, Inclusive,               Courtroom:     10B

25          Defendants.

26

27

28

---

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

*(Left margin, rotated:)* **LAWYERS *for* JUSTICE, PC** — 410 West Arden Avenue, Suite 203 — Glendale, California 91203

Norman B. Blumenthal (Cal. State Bar No. 068687)
Kyle R. Nordrehaug (Cal. State Bar No. 205975)
Aparajit Bhowmik (Cal. State Bar No. 248066)
**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2255 Calle Clara
La Jolla, California 92037
Tel: (858) 551-1223 / Fax: (858) 551-1232

*Attorneys for* Plaintiff Jennifer Lacey-Salas

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I.      SUMMARY OF MOTION ......................................................... 1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND ................. 2

III.    SUMMARY OF THE SETTLEMENT TERMS.................................... 5

IV.     THE SETTLEMENT ADMINISTRATION PROCESS.......................... 8

        A.      The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery. ............................... 10

        B.      The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.................................................... 13

        C.      The Settlement is Fair, Reasonable, and Adequate. .......................... 15

        D.      The Class Was Represented by Competent Counsel.......................... 17

        E.      There Are No Objections to the Class Settlement............................... 17

        F.      The Administration Costs Are Fair and Reasonable and Should Be Approved.................................................... 18

X.      CONCLUSION ...................................................................... 18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# TABLE OF AUTHORITIES

**Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135.................................................................................................10, 17

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ......................................................9

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794..................................................9

*In re American Bank Note Holographics, Inc., Sec. Litig.* (S.D.N.Y. 2001) 127 F.Supp.2d 418 ............................................................................................................16

*In re Omniivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp. 2D 1036.......................16

*Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937 .........................................................17

*Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523.17

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ..................................10

**Treatises**

Conte & Newberg, *Newberg on Class Actions* (4th ed., 2002) §11.47 .....................16

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   SUMMARY OF MOTION

Plaintiffs Jeree Gant and Jennifer Lacey-Salas ("Plaintiffs") seek final approval of the Class and Collective Action Settlement Agreement and Release ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiffs and Defendants ALDI Inc. and AI California, LLC ("Defendants").[1]

The Settlement provides for a Class/Collective Settlement Amount of $2,000,000.00 and seeks relief on behalf of the following class and collective, respectively:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from February 14, 2015 through June 29, 2020 ("Class" or "Class Member(s)"). Agreement, § 1.7.

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from February 14, 2016 through June 29, 2020 ("FLSA Member(s)"). Agreement, § 1.23.

Plaintiffs also move for final approval of all payments allocated and provided for by the Settlement, to be paid from the Class/Collective Settlement Amount, including and not limited to, Enhancement Awards in the amount of $10,000.00 each to Plaintiffs (i.e., 20,000.00 total), Class Counsel Fees And Costs in the amount of $700,000.00, consisting of attorneys' fees of $655,556.33 (which is 32.78% of the Class/Collective Settlement Amount) and reimbursement of litigation costs and expenses totaling $44,443.67, with $14,973.53 to Lawyers *for* Justice, PC and $29,973.53 to Blumenthal Nordrehaug Bhowmik De Blouw LLP[2], and Settlement

---

[1] A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Declaration of Edwin Aiwazian in Support of Motion for Preliminary Approval of Class and Collective Action Settlement ("Aiwazian Decl.") (Dkt. No. 52-1 at 28-67).

[2] In the interest of judicial efficiency, and in support of the allocations and requests for Class Counsel Fees and Costs and Enhancement Awards, Plaintiffs respectfully refer the Court to
*(Footnote continued)*

Administration Costs in the amount of $25,000.00 to the Settlement Administrator, Simpluris, Inc. ("Simpluris"). The Net Settlement Amount is the amount that will be available for distribution to Class Members who did not submit a timely and valid Request for Exclusion ("Participating Class Members") and FLSA Members. Agreement, § 1.27.  Ninety percent (90%) of the Net Settlement Amount will be allocated to the settlement and resolution of the Released Class Claims ("Class Settlement"), and the remaining ten percent (10%) of the Net Settlement Amount will be allocated to the settlement and resolution of the Released FLSA Claims ("FLSA Settlement"). Agreement, §§ 1.6, 1.10, 1.22, & 1.26.

The Settlement Agreement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly regarded mediator experienced in handling complex wage-and-hour class action lawsuits.  The Settlement was also well-received by the Class – *not a single Class Member objected to the Settlement.*

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Settlement Administration Costs.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendants are a chain of discount supermarkets with approximately seventy-three (73) store locations in California. Plaintiff Jeree Gant was employed by Defendants as an hourly-paid, non-exempt employee from approximately October 2017 to May 2018. Declaration of Jeree Gant ("Gant Decl.") ¶ 2. Plaintiff Jennifer Lacey-Salas was employed by Defendants as an hourly-paid, non-exempt employee from approximately August 2017 to January 2019. Declaration of Jennifer Lacey-Salas ("Lacey-Salas Decl.") ¶ 2.

///

---

Plaintiffs' Motion for Class Counsel Fees and Costs and Enhancement Awards, and papers in support thereof, filed concurrently herewith, on June 11, 2021.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

On February 14, 2019, Plaintiff Gant filed a Class Action Complaint for Damages against Defendants in the Los Angeles County Superior Court, on behalf of herself and all current and former non-exempt, hourly-paid individuals employed by Defendants since February 14, 2015, thereby commencing the *Gant* Class Action. Aiwazian Decl., ¶ 10.

On April 19, 2019, Defendants filed their Answer to Plaintiff Gant's Complaint.

On April 22, 2019, Defendants removed the *Gant* Class Action to the United States District Court for the Central District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

On May 10, 2019, Plaintiff Gant filed a Motion to Strike and on May 23, 2019, Plaintiff Gant withdrew the Motion to Strike.

On May 22, 2019, Plaintiff Gant filed a Motion to Remand. On June 12, 2019, Defendants filed their opposition to Plaintiff Gant's Motion to Remand.

On June 7, 2019, Plaintiff Jennifer Lacey-Salas filed her Class Action Complaint against Defendants in the San Diego County Superior Court, thereby commencing the *Lacey-Salas* Action.

On June 13, 2019, pursuant to stipulation of the parties in the *Gant* Class Action and an order by the Court permitting leave thereon, Plaintiff Gant filed a First Amended Class Action Complaint for Damages ("First Amended Complaint").

On July 10, 2019, Defendants removed the *Lacey-Salas* Action to the United States District Court for the Southern District of California under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. On July 17, 2019, Defendants' filed a Motion to Change Venue in the *Lacey-Salas* Action. On August 2, 2019, the Southern District of California granted Defendants' Motion to Change Venue and transferred the *Lacey-Salas* Action to the Central District of California.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

On August 27, 2019, Plaintiff Lacey-Salas filed a Motion to Remand. Also on August 27, 2019, the Court entered an Order pursuant to stipulation of the parties to stay discovery and continue all hearings and deadlines in the *Lacey-Salas* Action pending mediation.

On January 29, 2020, Defendants filed a Motion to Consolidate the *Gant* Class Action and the *Lacey-Salas* Action. On February 7, 2020, Plaintiff Gant filed a Partial Opposition to Defendants Motion to Consolidate. On March 20, 2020, the Court entered an order consolidating the *Lacey-Salas* Action with the *Gant* Class Action ("Consolidated Class/Collective Action" or "Actions"), with the *Gant* Class Action being the lead action.

Plaintiffs' core allegations are that Defendants have violated the California Labor Code by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods or pay associated premium payments, failing to timely pay wages upon termination, failing to provide compliant wage statements, and failing to reimburse necessary business-related expenses, and thereby engaged in unfair business practices under the California Business and Professions Code sections 17200, *et seq*. and violated the Fair Labor Standards Act ("FLSA"). As a result, Plaintiffs contend that they and the Class Members are entitled to, *inter alia*, unpaid wages, penalties, and attorneys' fees.

Defendants deny any liability of any kind associated with the claims and allegations, and further deny that Plaintiffs, Class Members, and/or FLSA Members are entitled to any relief. Defendants also deny that the Actions are appropriate for class and/or collective treatment for any purpose other than the Settlement. Defendants maintain, among other things, that they have complied with federal and California laws in all respects.

The Parties participated in a private mediation on December 12, 2019 before David Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. Aiwazian Decl., ¶ 11. After extensive formal and informal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

discovery and investigation into the facts of the cases, and with the aid of the mediator's evaluations and proposal, the parties reached a settlement to resolve the Actions. *Id.*

On June 22, 2020, Plaintiffs Jeree Gant and Jennifer Lacey-Salas (together, "Plaintiffs") filed a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). (Dkt. No. 52). On June 23, 2020, the Court order requesting additional attorneys' fees summary tables as well as evidence in support of the reasonableness of the proposed hourly rates of the attorneys at Lawyers *for* Justice, PC. (Dkt. No. 53). On June 24, 2020, the Parties filed supplemental papers in support of the Motion for Preliminary Approval (Dkt. 55). On January 26, 2021, the Court issued an order granting Plaintiffs' Motion for Preliminary Approval of Class and Collective Action Settlement ("Order Granting Preliminary Approval"), thereby preliminarily approving the terms of the Settlement, the Notice of Class Action and FLSA Collective Settlement ("Notice"), and the proposed administration procedures and associated deadlines. (Dkt. No. 61).

Plaintiffs now move for final approval of the Settlement and the Settlement Administration Costs.

## III.   SUMMARY OF THE SETTLEMENT TERMS

Under the Settlement Agreement, Defendants have agreed to pay a Class/Collective Settlement Amount of $2,000,000.00, under which the Net Settlement Amount will be fully distributed with no reversion to Defendants.

Ninety percent (90%) of the Net Settlement Amount will be allocated to the Class Settlement ("Class Fund"), and the remaining ten percent (10%) of the Net Settlement Amount will be allocated to the FLSA Settlement ("FLSA Fund"). Agreement, §§ 1.6, 1.22 & 4.5. The Class Fund will be distributed to on a *pro rata* basis, based upon the Participating Class Members' Workweeks[3] during the Class

---

[3] Workweeks means the number of days of employment for each Class Member and FLSA Member during the Class Period and FLSA Period, respectively, subtracting days on leave of

*(Footnote continued)*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Period[4] as compared to the number of Workweeks worked by all Participating Class Members during the Class Period. Agreement, § 6.1.2.  The FLSA Fund will be distributed to FLSA Members on a *pro rata* basis, based upon the FLSA Member's number of individual Workweeks during the FLSA Period as compared to the total number of Workweeks worked by all FLSA Members during the FLSA Period[5]. Agreement, § 6.1.1.

Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Class/Collective Settlement Amount: (1) Class Counsel Fees and Costs of up to $700,000.00, consisting of attorneys' fees in the amount of $655,556.33 and reimbursement of litigation costs and expenses in the total amout of $44,443.67; (2) Enhancement Awards of up to $10,000.00 each to Plaintiffs (totaling $20,000.00); and (3) Settlement Administration Costs in the amount of $25,000.00. Settlement, §§ 1.5, 1.7, 1.27, & 1.37. *See also* Declaration of Lindsay Kline ("Simpluris Decl."), ¶ 19.[6] Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available for distribution to Participating Class Members and FLSA Members is estimated to be $1,255,000.00, of which $1,129,500.00 (i.e., 90%) will be allocated to the Class Fund and $125,500.00 (i.e., 10%) to the FLSA Fund. Simpluris Decl., ¶¶ 16-18. The entire Class Fund and FLSA Fund will be paid out to Participating Class Members and FLSA Members, respectively, with no reversion to Defendants. Agreement, §§ 1.23 & 2.6.3.

The deadline for Class Members to submit a Request for Exclusion, Workweeks dispute, and/or Notice of Objection to the Settlement Administrator was

---

absence (if any), dividing by seven (7), and rounding up to the nearest whole number. Agreement, § 1.39.
[4] The Class Period is defined as the the period from February 14, 2015 through June 29, 2020. Agreement, § 1.9.
[5] The FLSA Period is defined as the period from February 14, 2016 through June 29, 2020. *Id.*, § 1.25.
[6] The Declaration of Lindsay Kline Regarding Notice and Settlement Administration is filed concurrently herewith.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

April 16, 2021 ("Response Deadline"). Simpluris Decl., ¶ 10. As of the date of this motion, three thousand five hundred and ten (3,510) Class Members did not submit timely and valid Requests for Exclusion, and are, therefore, deemed to be Participating Class Members, representing 99.94% of the Class. Simpluris Decl., ¶ 14. There are also three thousand four hundred ninety-five (3,495) FLSA Members to date. Simpluris Decl., ¶ 15.

Class Payments will be allocated as 80% as penalties and interest, to be reported on IRS Form 1099 (if applicable), and 20% as unpaid wages, to be reported on IRS Form W-2. Agreement, § 10.2.5. FLSA Payments will be characterized as 100% liquidated damages, to be reported on IRS Form 1099 (if applicable). Agreement, § 10.2.4.  Class Payments are subject to reduction for the employee's share of required tax withholdings and payroll deductions on the wage portion of the Class Payments. Agreement, § 10.2.5.   Defendants will pay the employer's share of payroll taxes on the Class Payments separately and in addition to the Class/Collective Settlement Amount. *Ibid.*

Class Payment checks issued to Participating Class Members and FLSA Payment checks issued to FLSA Members will remain valid and negotiable for one hundred and eighty (180) calendar days from the date of their issuance. Thereafter, the checks will become null and void, and any monies remaining in the distribution account as a result of voided checks will be distributed to Public Counsel. Agreement, § 10.4.2.

Class Members who did not submit a valid and timely Request for Exclusion (i.e., Participating Class Members) will be bound by the Class Settlement and will release the Released Class Claims against the Released Parties. Agreement, § 1.33 & 1.35. FLSA Members who opt-in to the FLSA Collective by endorsing and negotiating their FLSA Payment (i.e., Participating FLSA Members) will be bound by the FLSA Settlement and released the Released FLSA Claims against the Released Parties. Agreement, § 1.33 & 1.35.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

## IV.   THE SETTLEMENT ADMINISTRATION PROCESS

The Settlement Administrator, Simpluris, Inc. ("Simpluris" or "Settlement Administrator"), took all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's January 26, 2021 Preliminary Approval Order.

On February 3, 2021, Simpluris received the Court-approved text for the Notice from Class Counsel. Simpluris Decl., ¶ 5.  On February 16, 2021, Simpluris received a data spreadsheet from Defendants' counsel containing each Class Member/FLSA Member's full name, last known mailing address and telephone number (if available), Social Security number, dates of employment, and all necessary information to prepare and calculate the Class Payments and/or the FLSA Payments ("Data List"). Simpluris Decl., ¶ 6.  The Data List contained information for three thousand five hundred twelve (3,512) individuals identified as Class Members and three thousand four hundred ninety-five (3,495) individuals identified as FLSA Members. *Ibid.*

On March 2, 2021, after conducting a National Change of Address ("NCOA") search to update the addresses in the Data List, Simpluris mailed the Notice to the three thousand five hundred twelve (3,512) individuals identified as Class Members and FLSA Members via First-Class U.S. Mail. Simpluris Decl., ¶¶ 7 & 8.  As of the date of this Motion, two hundred twenty six (226) Notices have been returned to Simpluris as undeliverable with forwarding addresses, which Simpluris promptly re-mailed. Simpluris Decl., ¶ 9.  As of the date of this Motion, two hundred twenty six (226) Notices have been returned to Simpluris as undeliverable without forwarding addresses. *Ibid.* Simpluris performed a skip-trace search on the two hundred twenty six (226) Notices returned as undeliverable without forwarding addresses, located one hundred ninety six (196) updated addresses, and promptly re-mailed the Notices to the updated address. *Ibid.*Ultimately, thirty (30) Notices remain undeliverable. *Ibid.*

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Response Deadline was April 16, 2021. Simpluris Decl., ¶ 10.  As of the date of this Motion, Simpluris has not received any Notices of Objections or Workweeks disputes from Class Members. Simpluris Decl., ¶ 12 & 13. As of the date of this Motion, the Settlement Administrator has received only two (2) Requests for Exclusion. Simpluris Decl., ¶ 11. As of the date of this Motion, three thousand five hundred and ten (3,510) Class Members have not submitted timely and valid Requests for Exclusion and are therefore deemed Participating Class Members and will receive their share of the Class Fund ("Class Payment"). Simpluris Decl., ¶ 14. The Class Fund is estimated to be $1,129,500.00. Simpluris Decl., ¶ 17.  The highest gross estimated Class Payment is currently estimated to be $1,504.65 and the average gross estimated Class Payment is currently estimated to be $321.79. *Ibid.*

As of the date of this Motion, there are three thousand four hundred ninety-five (3,495) FLSA Members who will receive their share of the FLSA Fund ("FLSA Payment"). Simpluris Decl., ¶ 15. The FLSA Fund is estimated to be $125,500.00. Simpluris Decl., ¶ 18.  The highest gross estimated FLSA Payment is currently estimated to be $141.97 and the average gross estimated FLSA Payment is currently estimated to be $35.91. *Ibid.*

V.      THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable.  *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52.  To determine whether the settlement is fair and reasonable, courts consider relevant factors such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement."  *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. "The list of factors is not exclusive and the court is free to engage in a balancing and

weighing of the factors depending on the circumstances of each case." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk*, *supra*, 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, *supra*, 48 Cal.App.4th at 1802. In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement taken as a whole is "fair, adequate, and reasonable." *Chavez v. Netflix* (2008), 162 Cal.App.4th 43, 55. A settlement need not obtain 100 percent of the damages sought in order to be fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 251. Even if the proposed settlement affords relief that is substantially narrower than it would be if the lawsuit was to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation. *Id*.

## A. The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery.

The Parties actively litigated these cases since the *Gant* Class Action was commenced on February 14, 2019. Both sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Plaintiffs' counsel

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

were actively preparing the matter for class certification. Declaration of Edwin Aiwazian ("Aiwazian Fees Decl."), ¶ 7.[7] Plaintiffs' counsel conducted a thorough investigation into the facts of the cases, including, *inter alia*, interviews with Plaintiffs and many Class Members, engaged in significant formal and informal discovery, and reviewed and analyzed thousands of pages of data and documents, including, but not limited to: employment records; sampling of time and pay data; class-wide data containing hourly rates and dates of employment for Class Members; multiple iterations of Defendants' California Store Employee Handbook (which included, *inter alia*, policies and procedures regarding attendance and punctuality, meal periods, rest breaks, and personal appearance requirements); job descriptions, checklists (including New Hire Checklist, California New Store Employee Personnel File Checklist, Termination Checklist), internal memoranda; various agreements and acknowledgements; and numerous other documents regarding Defendants' policies, practices, and procedures, among other information and documents. *Ibid.* These documents provided Plaintiffs' counsel with a critical understanding of the nature of the work performed by Class Members and FLSA Members and Defendants' written and unwritten policies, practices, and procedures, and were used in analyzing liability and damage issues in connection with all phases of the litigation, and ultimately with mediation and settlement negotiations thereafter. Further, Plaintiffs' counsel propounded multiple sets of discovery requests onto Defendants, noticed the depositions of Defendants' person most knowledgeable designees, prepared initial disclosures, reviewed Defendants' initial disclosures, worked with Plaintiff Gant to provide responses to requests for production of documents propounded by Defendants, and prepared for and defended the deposition of Plaintiff Jeree Gant. *Ibid.* Both sides also propounded and responded to multiple

---

[7] The Declaration of Edwin Aiwazian in Support of Plaintiffs' Motion for Class Counsel Fees and Costs and Enhancement Awards is filed concurrently herewith the Motion for Class Counsel Fees and Costs and Enhancement Payments.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

sets of written discovery requests. *Ibid.* The Parties also engaged in significant motion practice and met and conferred on numerous occasions over issues relating to the motion practice, pleadings, jurisdiction, discovery, settlement negotiations, and the Settlement. *Ibid.*

The Parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, participating in private mediation conducted by David Rotman, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters, and extensive settlement negotiations thereafter. Aiwazian Fees Decl., ¶ 9. Prior to and during the settlement negotiations, the Parties exchanged information and discussed various aspects of each case, including and not limited to, the claims of Plaintiffs, the risks and delays of further litigation and of proceeding with class and collective certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, FLSA claims, and PAGA representative claims, the evidence produced and analyzed, the possibility of appeals, and the risks to recovery and continued employment of current-employee Class Members, among other things. *Ibid.* After extensive investigation, analysis, and negotiations, the Parties ultimately reached the Settlement to resolve the Actions in their entirety. *Ibid.* During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position. The Settlement that was reached is a fair, reasonable, and adequate resolution of the cases. *Ibid.* Arriving at a settlement that was acceptable to both sides was not easy. Defendants and their counsel felt very strongly about Defendants' ability to prevail on the merits and to obtain a denial of class certification, while Plaintiffs and Plaintiffs' counsel believed that class and collective certification would be obtained and that they would prevail at trial. *Ibid.* After conducting extensive formal and informal discovery and investigation into the facts of the cases, informal exchange of information, depositions, settlement negotiations, and with the aid of the mediator, the Parties agreed that the Actions were well-suited for settlement given the legal issues relating to Plaintiffs' principal

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

claims, as well as the costs and risks to the Parties that would attend further litigation. *Ibid.* These risks of further litigation include, and are not limited to, a determination that the claims were unsuitable for class or collective treatment, and failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the Actions, appeals, and the real possibility of no recovery after years of litigation. *Ibid.*

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the cases might have concluded at certification, trial, and/or appeals. *Ibid.* Plaintiffs' counsel interviewed, and obtained information from Plaintiffs and other Class Members, reviewed and analyzed a large volume of documents and data produced by Defendants and obtained through other sources, and performed significant research into the law concerning class and collective certification, off-the-clock theory, meal and rest breaks, wage-and-hour enforcement, Plaintiffs' claims, and Defendants' defenses, as well as facts discovered. Aiwazian Fees Decl., ¶¶ 7 & 9. The Settlement was based on this large volume of facts, evidence, and investigation. Aiwazian Fees Decl., ¶¶ 5-9. Additionally, Plaintiffs' counsel have extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. Aiwazian Fees Decl., ¶¶ 17-19; Declaration of Kyle R. Nordrehaug ("Nordrehaug Fees Decl."), ¶¶ 7-10.[8]

**B.     The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Class/Collective Settlement Amount of $2,000,000.00, represents a fair, adequate, and reasonable resolution of the Actions, given the risks inherent in litigating class, representative, and collective claims

---

[8] The Declaration of Kyle R. Nordrehaug in Support of Plaintiffs' Motion for Class Counsel Fees and Costs and Enhancement Awards is filed concurrently herewith the Motion for Class Counsel Fees and Costs and Enhancement Payments.

through certification proceedings, trial, and/or appeals. Aiwazian Fees Decl., ¶ 22. The Settlement was calculated using information and data uncovered through extensive case investigation, and informal exchange of information in advance of and/or in the context of mediation and additional settlement negotiations thereafter. Aiwazian Fees Decl., ¶¶ 5-9. Had the cases not settled, Defendants would have vigorously challenged certifiability and liability. Defendants contended that individualized questions of fact predominate over any common issues, and these issues would pose challenges to certification. Defendants would have likely argued at trial, if any, that Plaintiffs' claims were not appropriate for class, representative, and/or collective treatment. On the other hand, Defendants also faced the risk of the Court certifying the Actions and allowing a jury to decide Plaintiffs' claims on a class and/or collective basis. Additionally, preparation for trial would have been expensive for all Parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If the Actions had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for the Class Members after all was said and done. This is not just an abstract contention. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class and/or collective treatment, failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the cases, and the real possibility of no recovery after years of litigation. Additionally, the Parties were moving into the phase of the litigation where they would have to conduct additional formal discovery, including and not limited to, written discovery requests and depositions of Defendants' Person Most Knowledgeable ("PMK") designees, expert witnesses, and percipient witnesses. Discovery disputes would have certainly arisen,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

which would have cost the Parties additional time and money.  In contrast, the Settlement provides significant benefits for the Class Members and FLSA Members here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendants for the alleged violations of wage-and-hour laws.  Moreover, the potential individual recovery that could be obtained by a Class Member and FLSA Member would not be significant enough to provide him or her with the incentive to sue.  By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery.

**C.      The Settlement is Fair, Reasonable, and Adequate.**

The Settlement, which provides for a Class/Collective Settlement Amount of $2,000,000.00, represents a fair, reasonable, and adequate resolution of the Actions. The Settlement was calculated using information and data uncovered through extensive case investigation, and informal exchange of information and documents in advance of and in the context of mediation and settlement discussions thereafter. The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, with the cases at hand.  Considering the facts in the Actions, the Settlement represents a considerable recovery for individual Class Members and FLSA Members. Additionally, the possibility that some unclaimed settlement funds may revert to Defendants does *not* reflect any unfairness or unreasonableness, given the Parties' efforts to inform Class Members about the terms of the Settlement and encourage them to participate, as explained below.

**1.      Individual Class Members Stand to Realize Meaningful Relief under the Terms of the Settlement**

Even after deducting Class Counsel Fees and Costs in the amount of $700,000.00, Enhancement Awards in the amount of $10,000.00 to each Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(totaling $20,000.00), and Settlement Administration Costs in the amount of $25,000.00, the Net Settlement Amount is currently estimated to be $1,255,000.00. Simpluris Decl., ¶ 16.  As discussed in Section III, *supra*, each Participating Class Member will be paid a Class Payment based on his or her number of Workweeks during the Class Period and each FLSA Member will be paid an FLSA Payment based on his or her number of Workweeks during the FLSA Period. To date, three thousand five hundred ten (3,510) Class Members are deemed to be Participating Class Members, and there are three thousand four hundred ninety-five (3,495) FLSA Members. Simpluris Decl., ¶¶ 14 & 15. The Class Fund is estimated to be $1,129,500.00 and the FLSA fund is estimated to be $125,500.00. Simpluris Decl., ¶¶ 17 & 18.  The highest gross estimated Class Payment is currently estimated to be $1,504.65 and the average gross estimated Class Payment is currently estimated to be $321.79. Simpluris Decl., ¶ 17.  The highest gross estimated FLSA Payment is currently estimated to be $141.97 and the average gross estimated FLSA Payment is currently estimated to be $35.91. Simpluris Decl., ¶ 18. The Class Payments and FLSA Payments are subject to reduction for the employee taxes and withholdings.

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429-30.  In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class. Aiwazian Fees Decl., ¶ 19. Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appears to be competent, have experience with this type of litigation, and significant discovery and investigation have been completed. Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47; *In re Omnivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp.2D 1036, 1043 (citation

16

1   omitted). Accordingly, the Court should grant final approval of the Settlement.

2   **D.   The Class Was Represented by Competent Counsel.**

3   Plaintiffs' counsel have extensive experience in employment class action law

4   and complex wage-and-hour litigation. Aiwazian Fees Decl., ¶¶ 16-19; Nordrehaug

5   Fees Decl., ¶¶ 7-10. Lawyers *for* Justice, PC and Blumenthal Nordrehaug Bhowmik

6   De Blouw LLP have been appointed class counsel in numerous complex wage-and-

7   hour cases, and have recovered millions of dollars for individuals in California. *Ibid.*

8   Both parties' counsel were capable of assessing the strengths and weaknesses of the

9   Class Members' claims against Defendants and the benefits of the Settlement under

10   the circumstances of this case and in the context of settlement negotiations.

11   **E.   There Are No Objections to the Class Settlement.**

12   The Settlement has been well received by the Class – ***not a single Class***

13   ***Member has objected to the Class Settlement***. Simpluris Decl., ¶ 12. In evaluating

14   the fairness, adequacy, and reasonableness of a settlement, courts also consider the

15   reaction of the class to the settlement. *Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937,

16   953. "It is established that the absence of a large number of objections to a proposed

17   class action settlement raises a strong presumption that the terms of a proposed class

18   action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop*

19   *v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 528-29.

20   California courts have consistently found that a small number of objectors

21   indicates the class' support for a settlement and strongly favors final approval.

22   *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20

23   objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final approval

24   granted despite 9 objectors).

25   Here, the lack of objections speaks volumes about the fairness,

26   reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a

27   whole is presumed to be fair, reasonable, and adequate, and the Court should grant

28   final approval of the Settlement in its entirety. *Dunk*, *supra*, 48 Cal.App.4th at 1802.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**F.     The Administration Costs Are Fair and Reasonable and Should Be Approved.**

As set forth in the accompanying Declaration of Lindsay Kline, the total costs incurred and to be incurred by Simpluris for the notice and settlement administration process are $25,000.00. Simpluris Decl., ¶ 19.  The costs incurred and to be incurred include, but are not limited to, expenses for formatting, printing, and mailing the Notice to Class Members and FLSA Members; conducting a National Change of Address database search prior to mailing the Notice to Class Members and FLSA Members and performing a skip-trace search on any Notices returned as undeliverable; calculating each Participating Class Member's Class Payment and FLSA Member's FLSA Payment; receiving and processing Requests for Exclusion, Notices of Objection, and Workweeks disputes; preparing and transmitting necessary tax documentation and filings; calculating and distributing Class Payment and FLSA Payment checks to all Participating Class Members and FLSA Members as provided in the Settlement Agreement; and performing any other duties necessary to carry out its responsibilities as set forth in the Agreement.   Simpluris Decl., ¶ 3.

Accordingly, the Court should grant final approval of payment to Simpluris, a necessary third-party for handling of the notice and settlement process, in the amount of $25,000.00.

**X.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval of the Settlement and payments allocated and provided for by the Settlement, including Settlement Administration Costs, in accordance with the Settlement.

Dated: June 11, 2021                **LAWYERS *for* JUSTICE, PC**

                          By:     /s/ Edwin Aiwazian
                                  Edwin Aiwazian
                          *Attorneys for* Plaintiff Jeree Gant, the Class, and FLSA Members