UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR FINAL APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT (DKT. 65);

MOTION FOR CLASS COUNSEL FEES AND COSTS AND ENHANCEMENT AWARDS (DKT. 66)

JS-6: CASE TERMINATED

**I.      Introduction**

On February 14, 2019, Jeree Gant ("Gant") filed this putative wage-and-hour class action in the Los Angeles Superior Court naming Aldi, Inc., Al California, LLC (collectively, "Aldi," or "Defendants"), and certain Doe defendants. Dkt. 1-1. The action was removed on April 22, 2019. Dkt. 1. The causes of action advanced are unpaid overtime, failure to provide meal period premiums, failure to provide rest period premiums, unpaid minimum wages, failure to pay wages upon separation in a timely manner, non-compliant wage statements, unreimbursed business expenses, and violation of California's Unfair Competition Law ("UCL"). Dkt. 22.

On June 7, 2019, Jennifer Lacey-Salas ("Lacey-Salas") filed a parallel proceeding in the San Diego County Superior Court. It advanced virtually identical claims. *Lacey-Salas*, Dkt. 1-2.[1] However, the *Lacey-Salas* action also made references to alleged violations of the Fair Labor Standards Act. *Id.* ¶ 47. The *Lacey-Salas* action was removed to the Southern District of California on July 10, 2019. *Lacey-Salas*, Dkt. 1. After Defendants filed a notice of related cases, the *Lacey-Salas* action was transferred to the Central District and assigned to this bench officer. *Lacey-Salas*, Dkts. 7, 14, 18.

The parties in this action and in the *Lacey-Salas* action reached a global settlement. Dkt. 40. After a pending motion to remand was denied in this action (Dkt. 46), it was consolidated with the *Lacey-Salas* action. Dkt. 47; *Lacey-Salas*, Dkt. 39. Because this action was the first-filed one, the parties in the

---

[1] Citations to docket entries in this action use the term, "Dkt." followed by the docket number. Citations to docket entries in the *Lacey-Salas* action, *Jennifer Lacey-Salas v. Aldi, Inc., et al.*, No. 2:19-CV-06741-JAK-PLAx, use the terms "*Lacey-Salas*, Dkt." followed by the docket number

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

consolidated action were directed to make all subsequent filings on the docket of this action. Dkt. 47. Gant had also filed a separate action in the Los Angeles Superior Court that advanced only claims pursuant to the California Private Attorneys General Act ("PAGA"). *Jeree Gant v. ALDI, Inc., et al.*, No. 19STCV12320. The PAGA settlement was addressed by the Los Angeles Superior Court in that action. Dkt. 59 at 1.

On June 22, 2020, Gant and Lacey-Salas (collectively, "Plaintiffs") filed a motion for preliminary approval of a class action settlement ("Preliminary Approval Motion" (Dkt. 52)). On January 26, 2021, the Preliminary Approval Motion was granted, subject to a reduction of attorney's fees to $600,000, exclusive of costs, and a reduction of the incentive award to each plaintiff to $5000 each (the "January 2021 Order"). Dkt. 61. This approval was predicated on *de novo* review of attorney's fees, litigation costs, and Plaintiff's incentive awards in connection with the anticipated motion for final approval. *Id.*

On June 11, 2021, Plaintiffs filed a Motion for Final Approval of Class and Collective Action Settlement. (the "Final Approval Motion" (Dkt. 55)). The Final Approval Motion was supported in part by the Declaration of Settlement Administrator (The "Simpluris Decl."). *Id.* On June 12, 2021, Plaintiffs also filed a Motion for Class Counsel Fees and Costs and Enhancement Awards (the "Attorney's Fees Motion"). Dkt. 56. On June 14, 2021, Lacey-Sales filed a declaration from Kyle Nordrehaug in support of the Final Approval Motion. Dkt. 57. On June 22, 2021, Defendants filed a notice of non-opposition. Dkt. 68.

A hearing on the Motion was held on July 19, 2021, and it was **GRANTED-IN-PART**, with a further, written order to follow. Dkt. 71. For the reasons stated in this Order and at the hearing, the Final Approval Motion and the Attorney's Fees Motion each is **GRANTED-IN-PART**. An award of attorney's fees of $630,000 to counsel for Plaintiffs and the Class is approved. An award of $44,445.67 in costs as well as a $7500 incentive award to Gant and a $6000 incentive award to Lacey-Salas are also approved.

**II.      Summary of the Settlement Agreement**

      A.      Class and FLSA Collective Definitions

The Settlement Agreement defines a Class and an FLSA Collective. The definitions of the Class and the FLSA Collective are similar. They vary to reflect the different statute of limitations that applies to each, and the requirement under the FLSA for members of a collective action to opt into a settlement.

The Class is defined as "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the Class Period." Settlement Agreement ¶ 1.7. The Class Period is defined as between February 14, 2015 to June 29, 2020. *Id.* ¶ 1.9.

The FLSA Collective is defined as follows:

> 1.21 "FLSA Collective" means FLSA Members who endorse and negotiate their FLSA Payment and who will be bound by the FLSA Settlement. . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

1.22 "FLSA Fund" means 10% of the Net Settlement Amount that the Parties have agreed to allocate for the FLSA Settlement. There will be no reversion of the FLSA Fund to Defendants.

1.23 "FLSA Member(s)" refers to all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the FLSA Period.

1.24 "FLSA Payment(s)" means each FLSA Member's respective share of the FLSA Fund.

1.25 "FLSA Period" means the period from February 14, 2016 through June 29, 2020.

1.26 "FLSA Settlement" means the settlement and resolution of the Released FLSA Claims, which will be binding on all Participating FLSA Members.

*Id.* ¶¶ 1.21-1.26.

  B. Gross Fund and Deductions

    1. <u>In General</u>

Defendants will pay $2 million as part of the settlement ("Settlement Fund"). *Id*. ¶ 4.1. The Settlement Fund will be non-reversionary. *Id.* ¶¶ 1.6, 1.22, 1.27. Certain deductions will be made from the Settlement Fund, resulting in a Net Settlement Amount ("NSA"). Of the NSA, 90% will be allocated to the Class Fund and used to satisfy the claims of the class members. *Id.* ¶ 1.6. The remaining 10% of the NSA will be allocated to the FLSA Fund and used to satisfy the claims of FLSA Members. *Id.* ¶ 1.22.

The allocation of the $2 million Settlement Fund is summarized in the following table.

| | Amount | Percent of Settlement Fund |
|---|---|---|
| **Settlement Fund** | **$2,000,000.00** | **100.00%** |
| Attorney's Fees and Litigation Costs | ($700,000.00) | 35.00% |
| Incentive Awards to Named Plaintiffs ($10,000 each) | ($20,000.00) | 1.00% |
| Settlement Administration Costs for Simpluris | ($25,000.00) | 1.25% |
| **Net Settlement Amount ("NSA")** | **$1,255,000.00** | **62.75%** |
| Class Fund (90% of NSA) | $1,129,500.00 | 56.48% |
| FLSA Fund (10% of NSA) | $125,500.00 | 6.28% |

*Id.* ¶¶ 1.3, 1.5, 1.6, 1.17 1.22, 1.27, 1.37, 4.1, 4.2, 4.3, 4.4, 4.5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

      2.      <u>Payments to Class Members</u>

The Payments to Class Members will be calculated on a pro rata basis as follows:

> 6.1 Payments Based On Workweeks. The Class Fund will be distributed to eligible Participating Class Members based on their number of Workweeks during the Class Period, and the FLSA Fund will be distributed to FLSA Members based on their number of Workweeks during the FLSA Period. Defendants shall provide records showing the total Workweeks of Class Members and FLSA Members during the Class Period and FLSA Period, respectively. Defendants' records shall be determinative for purposes of calculating the number of Workweeks worked and any payments to the Participating Class Members and FLSA Members.
>
> 6.1.1 Distribution of FLSA Fund. FLSA Payments to FLSA Members will be determined by dividing the value of the FLSA Fund by the total number of Workweeks of all FLSA Members during the FLSA Period, and then multiplying the resulting figure by the number of Workweeks of each FLSA Member during the FLSA Period.
>
> 6.1.2 Distribution of Class Fund. Class Payments to Participating Class Members will be determined by dividing the value of Class Fund by the total number of Workweeks of all Participating Class Members during the Class Period, and then multiplying the resulting figure by the number of Workweeks of each Participating Class Member during the Class Period.

Settlement Agreement. ¶ 6.1.

If a Class Member also opts into the FLSA Collective, that person will receive two payments: one for membership in the Class and the other as part of the FLSA Collective.

The parties propose that 20% of any amounts paid to Class Members be characterized as wages, and that the remaining 80% will be classified as non-wage income. *Id.* ¶ 10.2.5. All amounts paid to FLSA Members will be characterized as non-wage income. *Id.* All employer-side payroll and income taxes will be paid by Defendants separately, and not from the Settlement Fund. *Id.*

      3.      <u>Attorney's Fees and Costs</u>

The Settlement Agreement states that Plaintiffs' counsel may seek up to $700,000 in attorney's fees and litigation costs. *Id.* ¶¶ 1.5, 4.2. Plaintiffs' counsel seeks attorney's fees of $655,556.33 and reimbursement of litigation costs and expenses of $44,443.67. Dkt. 65 at 1. The reasonableness of each of these requests is evaluated below.

      4.      <u>Class Representative Enhancement</u>

Under the terms of the Settlement Agreement, Gant and Lacey-Salas will each receive $10,000 enhancement payments. *Id.* ¶¶ 1.17, 4.3. These payments are in addition to any amount due to Gant or Lacey-Salas as members of the Class and/or FLSA Collective. *Id.* The reasonableness of this request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

is evaluated below.

        5.        <u>Settlement Administration Costs</u>

Simpluris (the "Settlement Administrator") was appointed as the settlement administrator. Dkt. 52 at 2. The Settlement Agreement states that no more than $25,000 will be deducted for the purposes of settlement administration. Settlement Agreement. ¶¶ 1.37, 1.38, 4.4. The Settlement Administrator affirms that the total costs of settlement administration, including both past and anticipated future work, will be $25,000. Dkt. 65-2 ¶ 19.

    C.       Notice and Payment Plan

        1.        <u>Notice</u>

Timely notice of the settlement was provided by the Settlement Administrator to members of the Settlement Class. Dkt. 65-2. ¶¶ 5-9. On March 2, 2021, the Settlement Administrator mailed the court-approved Notice to 3512 Class Members and FLSA Members. *Id*. ¶ 8. The Notice provided information about the following: the principal terms of the settlement, including the claims to be released; the definition of the Class and FLSA Collective; the estimated payment to the specific Class Member receiving the Notice; the estimated FLSA payment; the procedures for objecting to the estimated payment; the procedures for opting out of the settlement; and the results of taking no action in response to the notice. *Id.*

The notices to 3512 class members were sent by first class mail. *Id*. ¶ 8. Of those sent, 226 were returned to the Settlement Administrator as undeliverable. *Id*. ¶ 9. Following further research, 196 updated addresses were obtained, and the returned notices were sent to those addresses. *Id*. As of June 11, 2021, only 30 notices have not been delivered. *Id*. Thus, less than 1% of the members did not receive the Notice. *Id.* ¶¶ 5, 9.

The deadline for responding to the Notice was April 16, 2021. *Id*. ¶ 10. As of June 11, 2021, the Settlement Administrator had received two requests to opt out, but no objections nor any disputes as to Workweeks. *Id.* ¶¶ 11-13.

        2.        <u>Payment Plan</u>

Within 30 days of the Effective Date of the Settlement Agreement, *see* Dkt. 61 at 6, Defendants will deposit the $2 Million settlement amount with the Settlement Administrator. Settlement Agreement. ¶ 10.1. Within 20 days of such funding, the Settlement Administrator will cause checks to be sent to Class Members and those eligible to join the FLSA Collective. *Id.* ¶¶ 10.2.1. The checks for the settlement of class claims, and those for the settlement of FLSA claims, will be separate. *Id.* ¶ 10.3. The checks sent to those eligible to join the FLSA Collective, will include language stating that, by endorsing and negotiating the check, the recipient opts into the FLSA Collective and consents to be bound by the terms of the Settlement Agreement as to the FLSA claims. *Id.*

Any check that is not negotiated within 180 days of the date of mailing will be tendered to Public Counsel as a *cy pres* recipient pursuant to Cal. Code Civ. Proc. § 384(b). *Id.* ¶ 10.4.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
| Title | Jeree Gant v. ALDI, Inc. et al | | |

    D.      Release of Claims

          1.      <u>Release Applicable to All Class Members</u>

The Settlement Agreement includes the following release:

> 1.33 "Released Class Claims" shall mean any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or that could have been asserted and arise from the same set of operative facts alleged in the operative complaints of the Consolidated Class/Collective Action during the Class Period, including, but not limited to, all claims under California Labor Code §§ 201-204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802, any applicable California Industrial Welfare Commission Wage Order, claims under the California Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*, and any remedies for any of the claims described herein, including, damages, penalties, restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs. The Released Class Claims exclude all claims for civil penalties under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.* ("PAGA") and all claims provided for under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*
>
> 1.34 "Released FLSA Claims" shall mean any and all claims, rights, demands, liabilities and causes of action, whether known or unknown, that were asserted or reasonably could have been asserted based on the facts already alleged in the operative complaints of the Consolidated Class/Collective Action during the FLSA Period, for any alleged violations under the FLSA, including, but not limited to, failure to pay minimum wage or failure to pay overtime under the FLSA. The Released FLSA Claims covers only claims provided for under FLSA.
>
> 1.35 "Released Parties" shall mean Defendants, their former, present and future owners, parents, subsidiaries and affiliates, and all of their current, former and future officers, directors, members, shareholders, managers, human resources representatives, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and re insurers, and attorneys of the entities listed in this paragraph. . . .
>
> 5.1 Release By Participating Class Members. Upon the Effective Date, the Participating Class Members, Plaintiffs and their heirs, executors, administrators, attorneys, agents and assigns, fully and finally release and forever discharge the Released Parties from any and all Released Class Claims during the Class Period. As a result of this release, the Participating Class Members will be unable to bring a claim or seek recovery for any alleged violations of the Released Class Claims that took place during the Class Period.
>
> 5.2 FLSA Release. Only those FLSA Members who opt-in to the FLSA collective by endorsing and negotiating the FLSA Payment shall also release the Released Parties from the Released FLSA Claims during the FLSA Period. As a result of this release, the Participating FLSA Members will be unable to bring a claim or seek recovery for any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

alleged violations of the Released FLSA Claims that took place during the FLSA Period. *Id.* ¶¶ 1.33-1.35, 5.1-5.2.

    2.    <u>Release Applicable to Plaintiffs Alone</u>

The Settlement Agreement provides a broader release that would applies to the named Plaintiffs. *Id.* ¶ 5.3.

**III.**     <u>**Analysis**</u>

    A.    Class Certification

The January 2021 Order as to the Preliminary Approval Motion analyzed whether conditional certification of the Settlement Class was appropriate. Dkt. 65 at 9-12. This analysis, which is incorporated by this reference, resulted in granting that Motion. Neither the analysis of these factors, nor the resulting outcome, has changed. Therefore, the Final Approval Motion is **GRANTED** as to certification of the Settlement Class.

    B.    Propriety of FLSA Collective

The January 2021 Order as to the Preliminary Approval Motion observed that the standard for maintaining a FLSA action is more lenient than the more stringent requirements for a class action under Fed. R. Civ. P. 23. Dkt. 65 at 12. Therefore, the FLSA Collective also remains appropriate.

    C.    Final Approval of the Settlement Agreement

    1.    <u>Legal Standards</u>

Rule 23(e) requires a two-step process in considering whether to approve the settlement of a class action. *First*, during the preliminary approval process, a court must make a preliminary determination as to whether the proposed settlement is "potentially" "fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton*, 327 F.3d at 952). *Second*, following preliminary approval, notification to class members, and the compilation of information as to any objections by class members, a determination is made as to whether final approval of the settlement should be granted by applying several criteria.

In evaluating fairness, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). Courts in the Ninth Circuit apply the seven *Hanlon* factors:

    (1) the strength of the plaintiff's case;
    (2) the risk, expense, complexity and likely duration of further litigation;
    (3) the amount offered in settlement;
    (4) the extent of discovery completed and the stage of the proceedings;
    (5) the experience and views of counsel;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

      (6) any evidence of collusion between the parties; and
      (7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1026). Each factor does not necessarily apply to every class action settlement, and other factors may be considered. For example, courts often consider whether the settlement is the product of arms-length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating a proposed settlement. The factors set forth in Rule 23(e) distill the considerations historically used by federal courts to evaluate class action settlements. As the comments of the Advisory Committee explain, "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry. Fed. R. Civ. P. 23, Advisory Committee's Comments to 2018 Amendments. The Ninth Circuit has emphasized the importance of considering each of the specific factors identified in Rule 23(e). *Briseno v. Henderson*, No. 19-56297, 2021 WL 2197968, at *6 (9th Cir. 2021).

Under Rule 23(e)(2), a court must consider whether:

    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The settlement of collective actions under the FLSA is assessed by 29 U.S.C. § 216. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The issue presented under the FLSA is whether the settlement of collective-action claims "is a fair and reasonable resolution of a *bona fide* dispute." *Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Rest.*, No. C 05-0279-PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007)). That test is similar to the one that applies under Fed. R. Civ. P. 23(e); both focus on fairness and reasonableness. However, the FLSA adds an additional requirement: the dispute must be *bona fide*, *i.e.*, there must be some uncertainty about the extent of liability. *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113-16 (1946).

        2.    <u>Application</u>

                a)    Analysis in the January 2021 Order as to Overall Fairness

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | | Date | August 25, 2021 |
|---|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | | |

The January 2021 Order addressed many of the aforementioned factors. Dkt. 65 at 14-18. None of the facts and circumstances as to any of them has changed since that time. However, because the Settlement Administrator has completed the notice process, the reaction of members of the Settlement Class to the proposed settlement may now be considered in evaluating whether it is fair and appropriate.

Of the 3512 class members, only two opted out and none objected. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc. -- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." (quoting *Nat'l Rural Telecomms. Corp. v. DirecTV, Inc.*, 221 F.R.D. 523, 528-29 (C.D. Cal. 2004))). Therefore, this factor weighs in favor of final approval.

Because there have been no material changes in any of the relevant circumstances since the July 2020 Order, the same determinations are warranted at this time with respect to the fairness analysis. Therefore, the distribution of the settlement funds in the manner set forth in the July 2020 Motion is approved.

    D.    Attorney's Fees

        1.    <u>Legal Standards</u>

Attorney's fees and costs "may be awarded . . . where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941. However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Id*. "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton*, 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965.

District courts have discretion to choose between a lodestar method and so-called "percentage method" to calculate fees in a class action. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). A court may also choose one method and then perform a cross-check with the other. *See, e.g.*, *Staton*, 327 F.3d at 973.

When using the percentage method, a court examines what percentage of the total recovery is allocated to attorney's fees. Usually, the Ninth Circuit applies a "benchmark award" of 25%. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003). However, many awards that deviate from the benchmark are approved. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("Ordinarily, . . . fee awards [in common fund cases] range from 20 percent to 30 percent of the fund created.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
|---|---|---|---|
| Title | Jeree Gant v. ALDI, Inc. et al | | |

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

    2.    <u>Application</u>

        a)    Attorney's Fees

The January 2021 Order approved $600,000 in Attorney's Fees exclusive of costs, which was 30% of the Settlement Fund. The parties now seek final approval of an attorney's fee award of $655,556.33, exclusive of costs. That is 32.78% of the Settlement Fund.

In support of the fee request, Plaintiffs' counsel rely on the following: they took the case on contingency basis and risked receiving no compensation; they spent a significant amount of effort in the litigation, including thorough investigations, extensive discovery, and efforts to publicize the class; they obtained significant monetary relief through the litigation; and their skill and experience was necessary in light of the experienced counsel hired by Defendants.

"[T]he lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050. Class counsel also presented evidence of a total lodestar calculation of $716,506.75. For the purposes of the January 2021 Order, the hourly rates for certain Lawyers for Justice attorneys were adjusted downwards and the number of hours allocated by attorneys to certain tasks were also allocated downwards. That analysis resulted in a total lodestar calculation of $592,491.00, with $457,115.50 from Lawyers for Justice and $135,375.50 from Blumenthal Nordrehaug Bhowmik De Blouw.

The amount requested by the parties is greater than the 25% "benchmark award" used within the Ninth Circuit. As observed in the January 2021 Order, neither the level of success obtained, nor the time and effort spent by counsel is sufficiently exceptional to justify the 33% award sought. However, the response of the class members to the settlement was favorable, with only two opt-outs. For these reasons, a smaller upward adjustment is warranted. An award of $630,000, or 31.5% of the settlement fund, is appropriate.

For these reasons, the Attorney's Fees Motion is **GRANTED-IN-PART** as to the request for attorney's fees, and a payment of attorney's fees of $630,000 is approved. This amount shall be distributed in accordance with the Settlement Agreement*, i.e.*, 75% to Lawyers for Justice and 25% to Blumenthal Nordrehaug Bhowmik De Blouw.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
| Title | Jeree Gant v. ALDI, Inc. et al | | |

        b)    Costs

Plaintiff's counsel seeks an award of $44,445.67 in costs, of which $14,973.53 would be paid to Lawyers for Justice and $29,973.53 to Blumenthal Nordehaug Bhowmik De Blouw LLP. Both firms have provided an itemized accounting of costs incurred through June 7, 2020. Dkt. 66-2; Dkt. 67 at 14. The costs include messenger fees, document and filing fees, mediation fees, rideshare services, airfare, and Lexis Nexis charges. A review of these costs confirms that all of them were reasonable and necessary.

For these reasons, the Attorney's Fees Motion is **GRANTED** as to the request for the reimbursement of costs of $44,445.67.

    E.    Incentive Award

        1.    <u>Legal Standards</u>

"[N]amed plaintiffs . . . are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. To determine the reasonableness of incentive awards, the following factors may be considered:

> 1) The risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation; and 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

        2.    <u>Application</u>

Plaintiffs renew their arguments for Gant and Lacey-Salas each to receive a $10,000 incentive award, as provided for by the Settlement Agreement. As noted in the January 2021 Order, such incentive awards would compensate Gant at an effective hourly rate of approximately $160 and compensate Lacey-Salas at an effective hourly rate of between $200 to $250. Although their work was valuable, and it presented certain risks to Plaintiffs in terms of future employment opportunities, compensation at this level is still not warranted. Instead, taking into account all of the relevant factors, an award of $7500 to Gant and $6000 to Lacey-Salas each is appropriate and approved.

**IV.**    <u>**Conclusion**</u>

For the reasons stated in this Order, the Final Approval Motion and the Attorney's Fees Motion are **GRANTED IN PART**, *i.e.*, under the terms stated in this Order**.**

                                    :

Initials of Preparer    tj

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-03109 JAK (PLA) | Date | August 25, 2021 |
| Title | Jeree Gant v. ALDI, Inc. et al | | |